# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2188

_____

United States of America,           *
                                     *
          Appellee,                  *
                                     *
     v.                              *
                                     *
Fortino E. Diaz,                     *
                                     *
          Appellant.                 *

_____

No. 00-2317                          Appeals from the United States
                                     District Court for the
_____                          District of Minnesota.

United States of America,           *
                                     *
          Appellee,                  *
                                     *
     v.                              *
                                     *
Robert R. Lohr,                      *
                                     *
          Appellant.                 *

_____

Submitted:  January 16, 2002

Filed:  July 11, 2002

_____

Before WOLLMAN,[1] Chief Judge, McMILLIAN, BOWMAN, LOKEN, HANSEN, MORRIS SHEPPARD ARNOLD, MURPHY, BYE, and RILEY, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Fortino Diaz and Robert Lohr (Lohr) appeal their sentences that resulted from their convictions of various crimes committed in furtherance of a conspiracy to distribute cocaine and methamphetamine. A panel of this court originally affirmed the sentences, but we granted rehearing en banc in order to resolve an apparent conflict among our cases. We now reinstate the panel opinion.

## I.

Diaz and Lohr were indicted and tried along with two other defendants, Daniel Sherman and Vanessa Lohr. After trial in the district court,[2] all the defendants were convicted of conspiracy to distribute cocaine and methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A-B) and 846 and aiding and abetting money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A) and (2). Diaz was also convicted of one count of attempting to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Diaz was sentenced to 360 months' imprisonment and Robert Lohr was sentenced to 262 months.

---

[1]The Honorable Roger L. Wollman stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on January 31, 2002. He has been succeeded by the Honorable David R. Hansen.

[2]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

All of the defendants appealed their convictions and sentences. Sherman, Diaz and Lohr argued that their sentences violated Apprendi v. New Jersey, 530 U.S. 466 (2000), because the district court relied on drug quantities it determined using the preponderance of the evidence standard, not quantities proved to the jury beyond a reasonable doubt. Under Apprendi, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Use of judicially determined drug quantity as a basis for sentencing is permissible, however, so long as the defendant's sentence does not exceed the statutory maximum sentence available for an indeterminate quantity of the drug, the offense simpliciter. United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir. 2000). In our opinion affirming the defendants' sentences, we recognized that because Diaz's 360-month sentence and Lohr's 262-month sentence exceeded the 240-month statutory maximum for an indeterminate quantity of cocaine, the sentences ran afoul of Apprendi. Applying the plain error standard of review, we affirmed their sentences because under U.S.S.G. § 5G1.2(d),[3] the district court would have been required to run a portion of the drug sentences and the money laundering sentences consecutively to reach the properly calculated total punishment under the guidelines. Accordingly, we concluded that Diaz's and Lohr's substantial rights were not affected by their sentences. United States v. Sherman, 262 F.3d 784, 792 (8th Cir. 2001).

---

[3]U.S.S.G. § 5G1.2(d) provides:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

In so holding, the panel relied on United States v. Sturgis, 238 F.3d 956 (8th Cir. 2001) in which we held that the defendant's substantial rights were not violated where the Apprendi error could have been corrected by running the sentences consecutively under § 5G1.2(d). Id. at 960-61. Diaz and Lohr filed a petition for rehearing en banc, arguing that the panel in their appeal was not bound by Sturgis because two subsequently decided cases, United States v. Bradford, 246 F.3d 1107 (8th Cir. 2001) and United States v. Hollingsworth, 257 F.3d 871 (8th Cir. 2001), remanded to the district court for resentencing under similar circumstances. We vacated the panel decision as to Diaz and Lohr and granted rehearing en banc to resolve this apparent conflict in our cases.

## II.

Diaz and Lohr, like the defendants in Sturgis, Bradford, and Hollingsworth, did not raise an Apprendi claim in the district court. Thus, we review their claims for plain error.[4] United States v. Cotton, 122 S. Ct. 1781 (2002). Under the plain error test, we can grant relief only if (1) there was an error; (2) the error was plain; (3) the

---

[4]Diaz contends that he did in fact raise Apprendi issues before the district court at sentencing, thus entitling him to de novo review. It appears to us, however, that his contention in the district court was not an Apprendi-style claim, but rather a claim that the government did not prove all the elements of the crime listed in the indictment. Thus, Diaz is not entitled to de novo review. In any event, even under a de novo review we would affirm Diaz's sentence because the Apprendi error was harmless. See United States v. Anderson, 236 F.3d 427, 429 (8th Cir. 2001) (per curiam) (Apprendi did not create a structural error that requires per se reversal, and so harmless error analysis appropriate); United States v. Jordan, 291 F.3d 1091, 1095 (9th Cir. 2002) (using harmless error standard where defendant preserved Apprendi argument). As we discuss below, the district court's factual findings regarding drug quantity were proper, and any Apprendi error in his sentence would be cured by the mandatory imposition of consecutive sentences under U.S.S.G. § 5G1.2(d).

error affected substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.  Id. at 1785.  The government acknowledges, as it must, that the first two prongs of the test are met in this case, since both Diaz and Lohr were sentenced in violation of Apprendi.  The question before us is whether the acknowledged Apprendi error affected the defendants' substantial rights.  We conclude, following Sturgis, that it did not.

We held in Sturgis that an Apprendi error in sentencing does not violate a defendant's substantial rights in a case in which the district court would have otherwise imposed the same sentence because of the mandatory imposition of consecutive sentences under U.S.S.G. § 5G1.2(d).  Sturgis, 238 F.3d at 960-61.  In contrast, the Bradford and Hollingsworth courts remanded cases with similar facts for resentencing, holding that district courts have discretion whether to impose consecutive or concurrent sentences.  Bradford, 246 F.3d at 1114; Hollingsworth, 257 F.3d at 878.

Apprendi does not forbid a district court from finding the existence of sentencing factors, including drug quantity, by a preponderance of the evidence; rather, it prevents courts from imposing sentences greater than the statutory maximum based on such findings.  See Aguayo-Delgado, 220 F.3d at 933-34; United States v. Buckland, 289 F.3d 558, 570 (9th Cir. 2002) (en banc) (Apprendi does not limit courts' ability to make drug quantity findings and impose sentences based on those findings if the sentence is within the statutory maximum sentence for the crime of conviction found by the jury).  Thus, even after Apprendi, the first step in sentencing is for the district court to make findings and calculate a sentencing range under the guidelines based on those findings.  If the sentencing range exceeds the statutory maximum, Apprendi requires that the defendant be sentenced to not more than the statutory maximum term of imprisonment instead of to the total punishment calculated under the guidelines.

-5-

When a defendant has been convicted of multiple counts, however, the sentencing court may not merely reduce the sentence imposed from the guidelines range to the statutory maximum on the greatest count. Section 5G1.2(d) of the guidelines requires that if the maximum sentence allowed under any one count does not reach the total punishment as calculated under the guidelines, the district court must impose consecutive sentences on the multiple counts until it reaches a sentence equal to the total punishment calculation under the guidelines. This is permissible, because imposing consecutive sentences on multiple counts does not violate Apprendi when the sentence for each count does not violate the statutory maximum for that count. Sturgis, 238 F.3d at 961; see also United States v. McWaine, 290 F.3d 269, 276 (5th Cir. 2002); Buckland, 289 F.3d at 572; United States v. McLeod, 251 F.3d 78, 82 (2nd Cir. 2001); United States v. Smith, 240 F.3d 927, 930 (11th Cir. 2001) (per curiam); United States v. Parolin, 239 F.3d 922, 930 (7th Cir. 2001).

Because § 5G1.2(d) mandates consecutive sentences in those cases in which the total punishment exceeds the statutory maximum for any one count and the district court's calculation of total punishment is not affected by an Apprendi error, remand to allow the district court to consider whether to impose consecutive or concurrent sentences would be an idle act. See United States v. Price, 265 F.3d 1097, 1109 (10th Cir. 2001) (because § 5G1.2(d) is mandatory, the court did not have to engage in "idle speculation as to the sentence the district court could impose upon remand" (internal quotation omitted)); but see United States v. Vasquez-Zamora, 253 F.3d 211, 214 (5th Cir. 2001) (district court has discretion under the guidelines). The Bradford and Hollingsworth courts believed that the Sturgis court found remand unnecessary because the record was "so clear that we [were] able to recalculate the appellants' sentences ourselves." Hollingsworth, 257 F.3d at 878; see also Bradford, 246 F.3d at 1115. In truth, however, Sturgis did not rely on the clarity of the record but on the district court's correctly calculated sentence under the guidelines. The court then applied the mandatory rule of § 5G1.2(d) and held that because the defendant's sentence would have been the same after recalculation to correct the

Apprendi error, the defendant suffered no prejudice.  Sturgis, 238 F.3d at 960-61; see also Price, 265 F.3d at 1109.

Finally, the Bradford and Hollingsworth courts also cited the district court's ability to depart downward from the guidelines scheme as a basis for remand. Hollingsworth, 257 F.3d at 878; Bradford, 246 F.3d at 1114.   In those cases, as in Sturgis and this case, however, each defendant had the opportunity to request a downward departure at the first sentencing.  If such a request was made, the district courts declined to depart downward from the sentence actually imposed. Where the district court has already determined not to depart downward, there is no need for a remand for it to reconsider that decision.

In sum, we hold that Sturgis correctly states the law of this circuit.  Bradford and Hollingsworth are overruled to the extent that they hold that § 5G1.2(d) is discretionary and that remand is necessary where the Apprendi violation can be cured by running sentences consecutively under that section.[5]

---

[5]At oral argument before the en banc court, Lohr for the first time argued that his case is factually distinguishable from Sturgis because his sentencing range straddled the statutory maximum of 240 months.  Thus, he argues, the district court could have imposed a 240-month sentence consistent with Apprendi and § 5G1.2(d) because the total punishment fell within the guidelines range.  Lohr's argument depends on defining the term "total punishment" in § 5G1.2(d) as the sentencing range and not as the actual sentence imposed by the district court.  If total punishment means the actual sentence imposed, here 262 months, then § 5G1.2(d) would require the imposition of consecutive sentences to reach that level.  We need not decide this issue, however, because we do not consider arguments first raised at oral argument. See United States v. Mitchell, 31 F.3d 628, 633 n.3 (8th Cir. 1997).  In any event, even if Lohr is correct, he would not succeed under the plain error standard because there is no question that his 262-month sentence is permissible under the guidelines, and so his substantial rights have not been violated.

Because their sentences do not exceed those required by § 5G1.2(d), Diaz and Lohr suffered no prejudice to their substantial rights as a result of the <u>Apprendi</u> violation, and thus they are entitled to no relief. Accordingly, the panel opinion is reinstated as to them, as are the judgments in their respective cases.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.