# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 01-3678/01-3732

_____

United States of America,      *
           *
      Appellee/Cross-Appellant,  *
           *  Appeal from the United States
  v.           *  District Court for the District
           *  of South Dakota.
Joseph D. Andrews,      *
           *
      Appellant/Cross-Appellee.  *

_____

Submitted: June 10, 2003

Filed: August 12, 2003

_____

Before BOWMAN, BEAM, and BYE, Circuit Judges.

_____

BEAM, Circuit Judge.

This case is before us for a second time after remand of Andrews' initial sentence in United States v. Bradford, 246 F.3d 1107 (8th Cir. 2001). The current version of this case presents the question of whether the application of U.S. Sentencing Guidelines Manual § 5G1.2(d)[1] (U.S.S.G.) is mandatory when a defendant

_____

[1]Section 5G1.2(d), which addresses sentencing on multiple counts of conviction, states:

If the sentence imposed on the count carrying the highest statutory

has been convicted of multiple counts and the total punishment exceeds the statutory maximum for any one count. Because it was incumbent on the district court at resentencing to order consecutive sentences to achieve the court's total punishment calculation, we reverse and remand.

## I.    BACKGROUND

For a complete recitation of the relevant facts surrounding the conviction and sentencing of Andrews and his co-defendants in the original action, see Bradford, 246 F.3d at 1107-15. In 1999, Andrews was convicted of conspiracy and drug-related charges in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) and 846. Andrews was sentenced to 396-months' imprisonment, five years of supervised release, and a $5,000 fine on October 26, 1999 (the "initial sentencing"). After the initial sentencing, Andrews and four co-defendants appealed their convictions and sentences to this court. See Bradford, 246 F.3d 1107. While that matter was pending on appeal, the Supreme Court handed down Apprendi v. New Jersey, 530 U.S. 466 (2000), which held that "any fact, other than a prior conviction, that 'increases the penalty for a crime beyond the prescribed statutory maximum' must be included in the indictment and proven to the jury beyond a reasonable doubt." Bradford, 246 F.3d at 1113 (quoting Apprendi, 530 U.S. at 490). In light of Apprendi, a panel of this court affirmed Andrews' conviction but vacated his sentence and remanded the same for reconsideration. Bradford, 246 F.3d at 1119.

---

maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

At resentencing, the district court addressed the interplay between 18 U.S.C. § 3584[2] and U.S.S.G. § 5G1.2(d), both of which address situations involving multiple sentences of imprisonment, and determined that it had discretion to decide whether sentences should run consecutively or concurrently when there are multiple convictions. The district court further held that because section 3584 and section 5G1.2(d) were in conflict, the statute controlled, overriding any previously determined total punishment under the guidelines. In light of that analysis, the district court imposed a 276-month sentence for Andrews, three years of supervised release, and a $5,000 fine (the "second amended judgment"). The 276-month sentence was reached by imposing 240 months on Count 1, and 240 months on Counts 7, 12, and 46 to be served concurrently with the exception of thirty-six months from Counts 7, 12, and 46 (twelve months from each of these three counts) to be served consecutively to Count 1.

Andrews appeals from the district court's second amended judgment, challenging the application and constitutionality of the sentencing guidelines in this case. The United States cross-appeals, also challenging the application of the sentencing guidelines. Both parties challenge the district court's analysis and application of U.S.S.G. § 5G1.2(d). Andrews further argues on appeal that the district court erred by sentencing him based upon an impermissible drug quantity finding, that the resulting sentence violates Apprendi, and that the "crack" cocaine enhancement should not have been applied. The district court's construction and application of the sentencing guidelines are reviewed de novo. United States v. Whitehead, 176 F.3d 1030, 1042 (8th Cir. 1999).

_____

[2]18 U.S.C. § 3584(b) states that in multiple sentences of imprisonment, "[t]he court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."

## II.    DISCUSSION

### A.    Application of <u>Diaz</u>

In <u>Bradford</u>, we affirmed Andrews' conviction but remanded to the district court for resentencing in light of <u>Apprendi</u>. 246 F.3d at 1115. As we have already observed, the Supreme Court in <u>Apprendi</u> held that any fact, other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory maximum" must be included in the indictment and proven to the jury beyond a reasonable doubt. <u>Apprendi</u>, 530 U.S. at 490. However, "<u>Apprendi</u> does not forbid a district court from finding the existence of sentencing factors, including drug quantity, by a preponderance of the evidence; rather, it prevents courts from imposing sentences greater than the statutory maximum based on such findings." <u>United States v. Diaz</u>, 296 F.3d 680, 683 (8th Cir. 2002) (en banc), <u>cert. denied</u>, 123 S. Ct. 43 (2002). Because the initial 396-month sentence imposed upon Andrews exceeded the statutory maximum of 240 months on each count, <u>see</u> <u>Bradford</u>, 246 F.3d at 1113, <u>Apprendi</u> considerations were implicated and we remanded, giving the district court the first shot at determining Andrews' sentence under the sentencing guidelines' rather idiosyncratic calculation scheme. <u>Id.</u> at 1116.

The <u>Bradford</u> panel indicated that notwithstanding the dictates of U.S.S.G. § 5G1.2(d), a district court retains discretion to impose either concurrent or consecutive sentences. <u>Bradford</u>, 246 F.3d at 1114-15. Under the guidance provided the district court in <u>Bradford</u>, the district court ably attempted to reconcile the unsettled Eighth Circuit law existing at that time. However, the approach in <u>Bradford</u> is no longer cognizable. <u>See</u> <u>Diaz</u>, 296 F.3d 680.

The en banc <u>Diaz</u> court convened to resolve an apparent conflict in our cases regarding a district court's discretion to depart from section 5G1.2(d)'s scheme as to concurrent and consecutive sentences in situations where the court is faced with a

sentence that exceeds a statutory maximum for an individual count in violation of Apprendi. Diaz, 296 F.3d at 684-85. In Diaz, the defendant was convicted of conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A-B) and 846, aiding and abetting money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A) and (2), and attempting to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Id. at 682. Diaz was sentenced to 360-months' imprisonment. Id.

Like Andrews' initial sentence in the instant case, the initial Eighth Circuit panel recognized in Diaz that because Diaz's 360-month initial sentence exceeded the 240-month statutory maximum for an indeterminate quantity of cocaine, the sentence ran afoul of Apprendi. Id. However, because the district court was required to run a portion of the drug sentences and the money laundering sentences consecutively to reach the properly calculated total punishment under the guidelines, Diaz's substantial rights were not affected and the initial panel affirmed the district court. Id. at 682-83. The en banc court affirmed this result. Id. at 685.

Thus, in Diaz, an en banc court of this circuit overruled Bradford to the extent that Bradford held that section 5G1.2(d) provides sentencing discretion. The court also determined that remand is necessary where the Apprendi violation can be cured by running sentences consecutively under that section. Id. at 684-85. We are faced with just that scenario in the instant case.

Under Diaz, the first step in sentencing for the district court after Apprendi is to make findings and calculate a sentencing range under the guidelines based on those findings. "If the sentencing range exceeds the statutory maximum, Apprendi requires that the defendant be sentenced to not more than the statutory maximum term of imprisonment instead of to the total punishment calculated under the guidelines." Id. at 684.

When a defendant has been convicted of multiple counts, however, the sentencing court may not merely reduce the sentence imposed from the guidelines range to the statutory maximum on the greatest count. Section 5G1.2(d) of the guidelines *requires* that if the maximum sentence allowed under any one count does not reach the total punishment as calculated under the guidelines, the district court *must* impose consecutive sentences on the multiple counts until it reaches a sentence equal to the total punishment calculation under the guidelines. This is permissible, because imposing consecutive sentences on multiple counts does not violate <u>Apprendi</u> when the sentence for each count does not violate the statutory maximum for that count.

<u>Diaz</u>, 296 F.3d at 684 (emphasis added). So, pursuant to <u>Diaz</u>, the provisions of U.S.S.G. § 5G1.2(d) are mandatory.[3] <u>See also</u> <u>United States v. Hollingsworth</u>, 298

---

[3]Contrary to Andrews' argument, the rule of lenity is inapplicable in the instant case. The rule of lenity states that a court cannot interpret a federal criminal statute "'so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended.'" <u>United States v. R.L.C.</u>, 915 F.2d 320, 325 (8th Cir. 1990) (quoting <u>Ladner v. United States</u>, 358 U.S. 169, 178 (1958)), <u>aff'd</u>, 503 U.S. 291 (1992). The rule of lenity favors the statutory construction yielding the shorter sentence. <u>R.L.C.</u>, 915 F.2d at 325; <u>United States v. Speakman</u>, 330 F.3d 1080, 1083 (8th Cir. 2003).

"The rule of lenity, however, is not applicable unless there is a grievous ambiguity or uncertainty in the language and structure of the Act, such that even after a court has seize[d] every thing from which aid can be derived, it is still left with an ambiguous statute. The rule [of lenity] comes into operation at the end of the process of construing what Congress has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers."

<u>Speakman</u>, 330 F.3d at 1083 (quoting <u>Chapman v. United States</u>, 500 U.S. 453, 463 (1991)) (internal quotations and citations omitted) (alterations in original). In the instant case, neither U.S.S.G. § 5G1.2(d) nor 18 U.S.C. § 3584(b) are ambiguous. Section 5G1.2(d) merely restricts the statutory discretion of the sentencing judge in

F.3d 700, 702 (8th Cir. 2002) (determining that sentencing courts do not have discretion to depart from section 5G1.2(d)'s scheme as to concurrent and consecutive sentences), cert. denied, 123 S. Ct. 1307 (2003).

In this case, after considering all of the sentencing guidelines' factors at the initial sentencing, the district court determined that 396 months (thirty-three years) was the appropriate sentence within the guidelines range. This determination constitutes Andrews' total punishment. "Total punishment" as that term is used in section 5G1.2(d) has been defined by this circuit to mean "the precise sentence determined by the sentencing judge from within the appropriate guidelines range." United States v. Ervasti, 201 F.3d 1029, 1045-46 (8th Cir. 2000); see also Hollingsworth, 298 F.3d at 702 (applying "total punishment," as that term is used in section 5G1.2(d), to the actual sentence imposed). The statutory maximum for each sentence imposed in the instant case is 240 months (twenty years). Bradford, 246 F.3d at 1113.

Applying the mandatory rule of section 5G1.2(d), we hold that Andrews' sentence would have been the same after recalculation to correct the Apprendi error. Andrews could have been sentenced to twenty years on each count. In this situation, it was incumbent upon the district court to order consecutive sentences to achieve the court's total punishment calculation. As a result, we are unable to affirm the 276-month sentence imposed at resentencing. "When a defendant has been convicted of multiple counts, . . . the sentencing court may not merely reduce the sentence imposed from the guidelines range to the statutory maximum on the greatest count." Diaz, 296

---

instances where the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment. Further, this circuit has clearly determined that the application of section 5G1.2(d) is mandatory in light of the statutory prescriptions. Diaz, 296 F.3d at 684; United States v. Hollingsworth, 298 F.3d 700, 702 (8th Cir. 2002), cert. denied, 123 S. Ct. 1307 (2003).

F.3d at 684. Accordingly, we direct that the district court reinstate its initial sentence imposing 396-months' imprisonment.[4]

## B.    The Crack Cocaine Enhancement

Andrews also argues on appeal that the enhanced sentence for crack cocaine should not be applied in this case. However, a panel of this court previously affirmed the district court's factual findings on direct appeal and Andrews may not reargue the issue at this stage. See Bradford, 246 F.3d at 1112 n.1.

## III.   CONCLUSION

Based on the foregoing, we reverse and remand this case to the district court for reinstatement of the initial sentence imposed by the district court, that is a

---

[4]We need not separately address Andrews' argument concerning the application of the career offender provision of the sentencing guidelines based upon an impermissible drug finding. Diaz dispels any uncertainty on this issue and directs our decision today. Because imposing consecutive sentences on multiple counts does not violate Apprendi, and the district court could impose consecutive sentences to achieve the court's total punishment calculation in this case, there was no impermissible drug finding under Apprendi, and the initial sentence was properly calculated.

Further, Andrews' argument that the drug quantity determinations in the original sentence included drugs from the Kimble conspiracy constituting prejudice is without merit and not properly before the court. The issue as to drug quantity was decided in Bradford and is reaffirmed today. "What is clear . . . is that in this case the co-defendants joined a unitary conspiracy to distribute crack cocaine and there was no appreciable prejudice from the evidence of the Kimble conspiracy." Bradford, 246 F.3d at 1116.

sentence of 396-months' imprisonment, supervised release of five years, and a $5,000 fine.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.