# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 01-3739/01-3741

_____

United States of America,        *
                                     *

         Appellant/Cross-Appellee, *
                                     *   Appeal from the United States
    v.                              *   District Court for the District
                                     *   of South Dakota.

Howard L. Harrison,         *
                                     *

         Appellee/Cross-Appellant. *

_____

Submitted: June 10, 2003

Filed: August 12, 2003

_____

Before BOWMAN, BEAM, and BYE, Circuit Judges.

_____

BEAM, Circuit Judge.

This case is before us for a second time after remand of Harrison's initial sentence in <u>United States v. Bradford</u>, 246 F.3d 1107 (8th Cir. 2001). The current version of this case presents the question of whether the application of U.S. Sentencing Guidelines Manual § 5G1.2(d)[1] (U.S.S.G.) is mandatory when a defendant

_____

[1]Section 5G1.2(d), which addresses sentencing on multiple counts of conviction, states:

If the sentence imposed on the count carrying the highest statutory

has been convicted of multiple counts and the total punishment exceeds the statutory maximum for any one count. Because it was incumbent on the district court at resentencing to order consecutive sentences to achieve the court's total punishment calculation, we reverse and remand.

## I.     BACKGROUND

For a complete recitation of the relevant facts surrounding the conviction and sentencing of Harrison and his co-defendants in the original action, see Bradford, 246 F.3d at 1107-15. In 1999, Harrison was convicted of one count of conspiracy in violation of 21 U.S.C. § 846 and one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 2. Harrison was sentenced to 384-months' imprisonment, five years of supervised release, and a $5,000 fine on June 16, 1999 (the "initial sentencing"). After the initial sentencing, Harrison and four co-defendants appealed their convictions and sentences to this court. See Bradford, 246 F.3d 1107. While that matter was pending on appeal, the Supreme Court handed down Apprendi v. New Jersey, 530 U.S. 466 (2000), which held that "any fact, other than a prior conviction, that 'increases the penalty for a crime beyond the prescribed statutory maximum' must be included in the indictment and proven to the jury beyond a reasonable doubt." Bradford, 246 F.3d at 1113 (quoting Apprendi, 530 U.S. at 490). In light of Apprendi, a panel of this court affirmed Harrison's conviction but vacated his sentence and remanded the same for reconsideration. Bradford, 246 F.3d at 1119.

---

maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

At resentencing, the district court addressed the interplay between 18 U.S.C. § 3584[2] and U.S.S.G. § 5G1.2(d), both of which address situations involving multiple sentences of imprisonment, and determined that it had discretion to decide whether sentences should run consecutively or concurrently when there are multiple convictions. The district court further held that because section 3584 and section 5G1.2(d) were in conflict, the statute controlled, overriding any previously determined total punishment under the guidelines. In light of that analysis, the district court imposed a 264-month sentence for Harrison, three years of supervised release, and a $5,000 fine (the "amended judgment"). The 264-month sentence was reached by imposing 240 months on Count 1, and 240 months on Count 36 to be served concurrently with the exception of twenty-four months from Count 36 to be served consecutively to Count 1.

Both parties appeal the district court's amended judgment challenging the application of the sentencing guidelines. The district court's construction and application of the sentencing guidelines are reviewed de novo. United States v. Whitehead, 176 F.3d 1030, 1042 (8th Cir. 1999).

## II.    DISCUSSION

### A.    Application of Diaz

In Bradford, we affirmed Harrison's conviction but remanded to the district court for resentencing in light of Apprendi. 246 F.3d at 1115. As we have already observed, the Supreme Court in Apprendi held that any fact, other than a prior conviction that "increases the penalty for a crime beyond the prescribed statutory

---

[2] 18 U.S.C. § 3584(b) states that in multiple sentences of imprisonment, "[t]he court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)."

maximum" must be included in the indictment and proven to the jury beyond a reasonable doubt. Apprendi, 530 U.S. at 490. However, "Apprendi does not forbid a district court from finding the existence of sentencing factors, including drug quantity, by a preponderance of the evidence; rather, it prevents courts from imposing sentences greater than the statutory maximum based on such findings." United States v. Diaz, 296 F.3d 680, 683 (8th Cir. 2002) (en banc), cert. denied, 123 S. Ct. 43 (2002). Because the initial 384-month sentence imposed upon Harrison exceeded the statutory maximum of 240 months on each count, see Bradford, 246 F.3d at 1113, Apprendi considerations were implicated and we remanded, giving the district court the first shot at determining Harrison's sentence under the sentencing guidelines' rather idiosyncratic calculation scheme. Id. at 1116.

The Bradford panel indicated that notwithstanding the dictates of U.S.S.G. § 5G1.2(d), a district court retains discretion to impose either concurrent or consecutive sentences. Bradford, 246 F.3d at 1114-15. Under the guidance provided the district court in Bradford, the district court ably attempted to reconcile the unsettled Eighth Circuit law existing at that time. However, the approach in Bradford is no longer cognizable. See Diaz, 296 F.3d 680.

The en banc Diaz court convened to resolve an apparent conflict in our cases regarding a district court's discretion to depart from section 5G1.2(d)'s scheme as to concurrent and consecutive sentences in situations where the court is faced with a sentence that exceeds the statutory maximum for an individual count in violation of Apprendi. Diaz, 296 F.3d at 684-85. In Diaz, the defendant was convicted of conspiracy to distribute methamphetamine and cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A-B) and 846, aiding and abetting money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A) and (2), and attempting to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Id. at 682. Diaz was sentenced to 360-months' imprisonment. Id.

Like Harrison's initial sentence in the instant case, the initial Eighth Circuit panel recognized in Diaz that because Diaz's 360-month initial sentence exceeded the 240-month statutory maximum for an indeterminate quantity of cocaine, the sentence ran afoul of Apprendi. Id. However, because the district court would have been required to run a portion of the drug sentences and the money laundering sentences consecutively to reach the properly calculated total punishment under the guidelines, Diaz's substantial rights were not affected and the initial panel affirmed the district court. Id. at 682-83. The en banc court affirmed this result. Id. at 685.

Thus, in Diaz, an en banc court of this circuit overruled Bradford to the extent that Bradford held that section 5G1.2(d) provides sentencing discretion and that remand is necessary where the Apprendi violation can be cured by running sentences consecutively under that section. Id. at 684-85. We are faced with just that scenario in the instant case.

Under Diaz, the first step in sentencing for the district court after Apprendi is to make findings and calculate a sentencing range under the guidelines based on those findings. "If the sentencing range exceeds the statutory maximum, Apprendi requires that the defendant be sentenced to not more than the statutory maximum term of imprisonment instead of to the total punishment calculated under the guidelines." Id. at 684.

> When a defendant has been convicted of multiple counts, however, the sentencing court may not merely reduce the sentence imposed from the guidelines range to the statutory maximum on the greatest count. Section 5G1.2(d) of the guidelines *requires* that if the maximum sentence allowed under any one count does not reach the total punishment as calculated under the guidelines, the district court *must* impose consecutive sentences on the multiple counts until it reaches a sentence equal to the total punishment calculation under the guidelines. This is permissible, because imposing consecutive sentences on multiple

counts does not violate <u>Apprendi</u> when the sentence for each count does not violate the statutory maximum for that count.

<u>Diaz</u>, 296 F.3d at 684 (emphasis added). So, pursuant to <u>Diaz</u>, the provisions of U.S.S.G. § 5G1.2(d) are mandatory. <u>See also</u> <u>United States v. Hollingsworth</u>, 298 F.3d 700, 702 (8th Cir. 2002) (determining that sentencing courts do not have discretion to depart from section 5G1.2(d)'s scheme as to concurrent and consecutive sentences), <u>cert. denied</u>, 123 S. Ct. 1307 (2003).

In this case, after considering all of the sentencing guidelines' factors at the initial sentencing, the district court determined that 384 months (thirty-two years) was the appropriate sentence within the guidelines range. This determination constitutes Harrison's total punishment. "Total punishment" as that term is used in section 5G1.2(d) has been defined by this circuit to mean "the precise sentence determined by the sentencing judge from within the appropriate guidelines range." <u>United States v. Ervasti</u>, 201 F.3d 1029, 1045-46 (8th Cir. 2000); <u>see also</u> <u>Hollingsworth</u>, 298 F.3d at 702 (applying "total punishment," as that term is used in section 5G1.2(d), to the actual sentence imposed). The statutory maximum for each sentence imposed in the instant case is 240 months (twenty years). <u>Bradford</u>, 246 F.3d at 1113.

Applying the mandatory rule of section 5G1.2(d), we hold that Harrison's sentence would have been the same after recalculation to correct the <u>Apprendi</u> error. Harrison could have been sentenced to twenty years on each count. In this situation, it was incumbent upon the district court to order consecutive sentences to achieve the court's total punishment calculation. As a result, we are unable to affirm the 264-month sentence imposed at resentencing. "When a defendant has been convicted of multiple counts, . . . the sentencing court may not merely reduce the sentence imposed from the guidelines range to the statutory maximum on the greatest count." <u>Diaz</u>, 296

F.3d at 684. Accordingly, we direct that the district court reinstate its initial sentence imposing 384-months' imprisonment.[3]

## III. CONCLUSION

Based on the foregoing, we reverse and remand this case to the district court for reinstatement of the initial sentence imposed by the district court, that is a sentence of 384-months' imprisonment, supervised release of five years, and a $5,000 fine.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]Harrison's argument that the drug quantity determination in the original sentence included drugs from the Kimble conspiracy and should now be revisited is without merit and not properly before the court. The issue as to drug quantity was decided in Bradford and is reaffirmed today. "What is clear . . . is that in this case the co-defendants joined a unitary conspiracy to distribute crack cocaine and there was no appreciable prejudice from the evidence of the Kimble conspiracy." Bradford, 246 F.3d at 1116.