# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3736

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of South Dakota. |
| Joseph D. Andrews, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 1, 2004
Filed: June 1, 2005

_____

Before BYE, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

We rarely review a criminal sentence three times, but Joseph D. Andrews gets such review today. For a complete recitation of the relevant facts surrounding the conviction and sentencing of Andrews and his co-defendants, see United States v. Bradford, 246 F.3d 1107 (8th Cir. 2001), and United States v. Andrews, 339 F.3d 754 (8th Cir. 2003). Today we review Andrews' sentence in light of United States v. Booker, 125 S. Ct. 738 (2005), which made the Sentencing Guidelines advisory, and United States v. Pirani, 406 F.3d 543 (8th Cir. 2005) (en banc), which elucidated the proper plain error analysis. Based on these cases, we vacate Andrews' sentence once again and remand for resentencing.

In 1999, the district court imposed a sentence of 396 months' imprisonment for Andrews. Because Apprendi, Apprendi v. New Jersey, 530 U.S. 466 (2000), was handed down during the pendency of Andrews' first appeal, we affirmed Andrews' conviction but vacated his sentence and remanded for reconsideration in light of Apprendi. Bradford, 246 F.3d at 1115.

At Andrews' second sentencing in 2001, the district court imposed a 276-month sentence, applying section 5G1.2(d) of the Guidelines and our corresponding guidance in Bradford, 246 F.3d at 1114-15.[1] Both parties appealed from that 2001 sentence challenging the application of the Sentencing Guidelines, and Andrews additionally challenged the Guidelines' constitutionality. While the second appeal was pending, we overruled Bradford to the extent that Bradford held that section 5G1.2(d) provides sentencing discretion. United States v. Diaz, 296 F.3d 680 (8th Cir. 2002) (en banc). Thus, we vacated Andrews' sentence a second time and remanded for sentencing in order for the district court to reinstate Andrews' original 396-month sentence. Andrews, 339 F.3d at 759.

At Andrews' third sentencing in 2003, the district court heard evidence regarding Andrews' post-conviction rehabilitative efforts but ultimately ruled that it was prohibited from considering such efforts under this court's decision and mandate. Thus, the 2003 sentencing was in essence a "reinstatement" of Andrews' initial

---

[1] Section 5G1.2(d) states:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law.

sentence. Andrews appeals, arguing that the district court erred in not exercising its discretion at the 2003 sentencing.

As luck may have it, and true to form given the history of this case, the apparently ever-changing landscape of criminal sentencing affects our analysis today. Under Pirani, we must determine whether Andrews preserved Booker error for our review. Pirani, 406 F.3d at 549. We review this case for harmless error because Andrews raised Apprendi and questioned the constitutionality of the Guidelines before the district court after his first appeal, which was the first time Apprendi was an issue before the district court. Id. at 550. Thus, the government bears the burden of proving that the error did not affect the defendant's substantial rights. United States v. Olano, 507 U.S. 725, 734 (1993). This burden is only met where it is clear beyond a reasonable doubt that the error did not affect the sentence. United States v. Haidley, 400 F.3d 642, 644-45 (8th Cir. 2005).

Here, the district court initially sentenced Andrews under a mandatory guidelines system based upon a drug quantity that was not charged in the indictment nor presented to the jury. That finding violated Andrews' Sixth Amendment rights. Booker, 125 S. Ct. at 756. We must disregard this error, though, if the error was harmless beyond a reasonable doubt. Fed. R. Crim. P. 52(a), Haidley, 400 F.3d at 644-45. The government has not proven that the error did not affect the outcome of the district court proceedings. Olano, 507 U.S. at 734.

Under Booker jurisprudence, the district court has greater discretion than it did in 1999, 2001, and 2003 when it sentenced Andrews and it will now be able to apply that discretion when it sentences Andrews a fourth time. We do not suggest, however, that a lesser sentence is required in this case. "[W]hile not bound to apply the Guidelines, [the district court] must consult those Guidelines and take them into account when sentencing." Booker, 125 S. Ct. at 767.

Accordingly, we vacate and remand yet again for the district court to resentence Andrews.

_____