# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2362

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Nebraska. |
| | * | |
| Andree Artis, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 9, 2006
Filed: January 13, 2006

_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Andree Artis pleaded guilty to bank fraud. After the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005) (holding Guidelines merely advisory), the district court[*] resentenced Artis at the bottom of the advisory Guidelines range to forty-six months in prison and five years of supervised release. Artis appeals his sentence, and we affirm.

---

[*]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Artis first argues that even under an advisory Guidelines system, sentencing enhancements must be proven beyond a reasonable doubt rather than by a preponderance of the evidence. A majority of the Supreme Court in Booker did not adopt this view, however. See 125 S. Ct. at 779 (Stevens, J., dissenting in part) (stating Court should require proof beyond a reasonable doubt on sentencing enhancements). Indeed, we have recognized "nothing in Booker suggests that sentencing judges are required to find sentence-enhancing acts beyond a reasonable doubt under the advisory guidelines regime." United States v. Pirani, 406 F.3d 543, 551 n.4 (8th Cir. 2005) (en banc). We reject Artis's contention that due process requires sentencing enhancements to be proven beyond a reasonable doubt. See United States v. Diaz, 296 F.3d 680, 683 (8th Cir. 2002) (holding Apprendi v. New Jersey, 530 U.S. 466 (2000), which focuses on due process, does not forbid district court from finding sentencing factors by a preponderance of the evidence).

Artis also contends his sentence is unreasonable and thus should be reversed under Booker, 125 S. Ct. at 765-68. Under Booker, a sentencing court must consider the Guidelines range and tailor the sentence in light of other statutory concerns, such as the sentencing factors listed in 18 U.S.C. § 3553(a). United States v. Cawthorn, No. 05-1892, 2005 WL 3148073, at *7 (8th Cir. Nov. 28, 2005). Section 3553(a) requires the court to impose a sentence sufficient, but no greater than necessary, to comply with the statute's purposes. The court must consider the offense's nature and circumstances and the defendant's history and characteristics, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to deter criminal conduct, to protect the public from the defendant, and to provide correctional treatment. 18 U.S.C. § 3553(a). The court must also consider the kinds of sentences available, the Guidelines sentencing range, the need to avoid unwanted sentencing disparities, and the need to provide restitution. Id. When a sentence is within the Guidelines range, we presume the sentence is reasonable. United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005).

Artis contends his sentence was unreasonable because the district court failed to consider the full range of factors in 18 U.S.C. § 3553(a) and selected a sentence that is greater than necessary to comply with the purposes of § 3553(a). Artis has not overcome the presumption of reasonableness. At Artis's sentencing, the district court stated it was taking into account all of the factors in § 3553(a) and named the factors before imposing sentence on Artis. Because Artis was a leader or organizer of an extensive fraud ring and committed his offense shortly after release from prison while he remained on supervised release, we cannot say the district court abused its discretion in sentencing Artis at the bottom of his Guidelines range.

We thus affirm Artis's sentence.

_____