FILED
United States Court of Appeals
Tenth Circuit

May 18, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID BUTT,

        Petitioner - Appellant,

v.

STEVE HARTLEY; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents - Appellees.

No. 10-1062
(D. Ct. No. 1:07-CV-01681-PAB-KMT)
(D. Colo)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE,** Chief Circuit Judge, **TACHA,** and **O'BRIEN,** Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

David Butt, a state prisoner proceeding pro se, seeks a certificate of appealability

("COA") to appeal from the dismissal of his habeas petition brought pursuant to 28

U.S.C. § 2254. We take jurisdiction under 28 U.S.C. § 1291, DENY Mr. Butt's request

for a COA, and DISMISS this appeal.

# I. BACKGROUND

In 2003, Mr. Butt drove while intoxicated and hit a car, killing one person and injuring two others. He pleaded guilty to one count of vehicular homicide-DUI and two counts of vehicular assault-DUI under Colorado law. In exchange for his guilty plea, the prosecution dismissed twelve other criminal charges, including eight habitual criminal counts under Colo. Rev. Stat. Ann. § 18-1.3-801.

In Colorado, vehicular homicide carries a presumptive sentencing range of 4–12 years' imprisonment. Colo. Rev. Stat. Ann. § 18-1.3-401(1)(a)(V)(A). Vehicular assault carries a presumptive sentencing range of 2–6 years' imprisonment. *Id.* The presence of certain aggravating circumstances, however, requires the court to sentence the defendant to a term of at least the midpoint in the presumptive range but no more than twice the maximum of the presumptive range. *Id.* § 18-1.3-401(8)(a). Aggravating circumstances are described as follows: the offense was a crime of violence; the defendant was on parole, probation, or on bond when he committed the offense; or the defendant was confined in a correctional facility or had escaped from a correctional facility when he committed the offense. *See id.* § 18-1.3-401(8)(a)(I)–(VI).

Based on the sentencing court's finding that Mr. Butt was on parole at the time he committed the offenses, an aggravating circumstance under § 18-1.3-401(8)(a)(II), the court stated at sentencing that the range of sentence for the homicide was 8–24 years and the range of sentence for the assaults were 4–12 years. The court went on to explain that Mr. Butt had killed an innocent person and had caused serious bodily injury to two others;

his blood alcohol content was nearly twice the legal limit; he was speeding anywhere from 50–100 miles per hour at the time of the collision; the victims' families had incurred several hundred thousand dollars in medical bills; he had eighteen convictions between 1992 and 1997 for misdemeanors, traffic offenses, and municipal violations; and he had nine prior felony convictions. The court then imposed a twenty-four-year sentence on the homicide conviction and eight-year sentences for each of the assault convictions. The sentences were ordered to be served consecutively, producing a total sentence of forty years.

Mr. Butt did not appeal his convictions or his sentence. In December 2004, he filed a motion through counsel for post-conviction relief under Colorado Rule of Criminal Procedure 35(b) and (c), arguing that the sentencing court "(1) illegally imposed sentences in the extraordinary aggravated range because the findings of aggravation were neither pleaded nor proven beyond a reasonable doubt; and (2) illegally imposed consecutive sentences." The Colorado district court denied the motion and the Colorado Court of Appeals affirmed. Specifically, the Colorado Court of Appeals concluded that the sentencing court could find, without violating *Blakely v. Washington*, 542 U.S. 296 (2004), or *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the fact that Mr. Butt was on parole when he committed the offenses and the fact that Mr. Butt had sustained nine prior felony convictions in order to support the aggravated sentencing range. The Colorado Court of Appeals rejected Mr. Butt's second argument based on prior Colorado cases holding that *Blakely* and *Apprendi* do not apply to decisions to impose consecutive

- 3 -

sentences. *See, e.g.*, *People v. Lehmkuhl*, 117 P.3d 98, 107 (Colo. Ct. App. 2004); *People v. Clifton*, 69 P.3d 81, 85–86 (Colo. Ct. App. 2003).

Mr. Butt then filed a pro se petition under 28 U.S.C. § 2254 in federal district court. The petition raises a claim under the Sixth and Fourteenth Amendments based on the following arguments: "1) pursuant to the terms of his plea agreement his prior convictions were dismissed; 2) he was not advised at his providency hearing that he would be facing an aggravated sentencing range or that he had a right to a jury determination of aggravating elements; and 3) even if prior convictions are just reasons for imposition of aggravation, his priors were not proven sufficiently to warrant [their use] without [violating] the Fourteenth Amendment protections."

The federal magistrate judge recommended that the first argument be dismissed because the claim had not been raised in the Colorado courts and was now procedurally barred. Reaching the merits of the second and third arguments, the magistrate concluded that Mr. Butt had been advised he could be subject to an aggravating sentencing range; *Blakely* and *Apprendi* did not entitle him to a jury determination of the fact that he was on parole when he committed the offenses or the fact that he had nine prior felony convictions; and imposing consecutive sentences based on judge-found facts was not contrary to clearly established federal law.

The district court agreed that the first argument had not been presented in Mr. Butt's Rule 35 motion and was therefore not exhausted. Nonetheless, the district court considered the merits and determined that Mr. Butt's sentence did not violate the terms of

the plea agreement. The district court agreed with the magistrate's analysis of the second and third arguments. Accordingly, the district court accepted the magistrate's recommendation, dismissed Mr. Butt's § 2254 petition with prejudice, and denied a COA. Mr. Butt now seeks a COA from this court.

## II. DISCUSSION

A state § 2254 petitioner may not appeal from a final order in a habeas proceeding without first obtaining a COA. 28 U.S.C. § 2253(c)(1)(A). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). When the district court denies the petitioner's claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

A.      Use of Prior Convictions

In Mr. Butt's first claim, he suggests that the sentencing court used the fact of his prior convictions to enhance his sentence despite the prosecution's agreement to dismiss the eight habitual criminal counts. The district court determined that this argument was distinct from the argument raised in the Rule 35 motion that his nine prior felony convictions had not been admitted or found by a jury beyond a reasonable doubt. Thus,

- 5 -

the court held that the claim was unexhausted, *see* 28 U.S.C. § 2254(b)(1), and procedurally barred, *see* Colo. R. Crim. P. 35(c)(3)(VII).  In the alternative, the district court concluded that this claim failed on the merits because Mr. Butt was not sentenced pursuant to the habitual criminal counts; instead, the sentencing court accounted for his nine prior felony convictions as evidence of his prior criminal history.[1]

In his application for a COA, Mr. Butt argues that the district court abused its discretion in sua sponte raising the exhaustion issue because the state had conceded exhaustion in its response to his § 2254 petition.[2]  We need not address this point, however, because even if we reach the merits of this claim we agree that Mr. Butt was not sentenced as a habitual criminal.  Indeed, the sentencing court never mentioned those counts and specifically explained that Mr. Butt was subject to the aggravated sentencing range because of his parole status.

---

[1]Under Colo. Rev. Stat. Ann. § 18-1.3-801(1.5) and (2), a person adjudged a habitual criminal shall be sentenced to a term of three or four times the maximum of the presumptive range for the offense of conviction.

[2]It appears that we have never clearly articulated the circumstances—if any—in which a district court might be precluded from raising exhaustion on its own.  *Compare United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008) ("Sua sponte consideration of exhaustion of state remedies . . . is explicitly permitted by Supreme Court precedent."), *and Williams v. Jones*, 571 F.3d 1086, 1089 (10th Cir. 2009) (explaining that "[n]otwithstanding the State's position throughout these proceedings that available state remedies have been exhausted, we raised the issue of exhaustion sua sponte and received supplemental briefs"), *with Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009) (suggesting that "a district court's discretion to dismiss a habeas petition for failure to exhaust [may be limited] to those situations where the government pleads failure to exhaust as an affirmative defense or the petitioner's failure to exhaust is clear from the face of the petition").

B.	*Blakely* and *Apprendi*

　　1.	*Parole Status and Fact of Prior Convictions*

In his next argument, Mr. Butt contends that "he was not advised at his providency hearing that he would be facing an aggravated sentencing range or that he had a right to a jury determination of aggravating elements." This argument is premised on *Blakely* and *Apprendi*, which hold that "'[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Blakely*, 542 U.S. at 301 (quoting *Apprendi*, 530 U.S. at 490). Both the Colorado Court of Appeals and the federal district court concluded that *Blakely* and *Apprendi* exempt from this rule the fact that the defendant has certain prior convictions and the fact that the defendant was on parole when he committed the instant offense.

At the outset, we note that the sentencing court in this case did not use Mr. Butt's prior convictions to aggravate or increase the statutory maximum for his offenses. Instead, the court very clearly stated only that Mr. Butt's parole status triggered application of an aggravated sentencing range under Colo. Rev. Stat. Ann. § 18-1.3-401(8)(a)(II). The court considered Mr. Butt's prior convictions only as part of selecting a particular sentence within that aggravated range. Thus, it is not necessary to consider *Blakely* and *Apprendi* in the context of the sentencing court's use of Mr. Butt's prior

convictions.[3] Nevertheless, to the extent *Blakely* and *Apprendi* do control the issue, those cases clearly exempt judicial fact-finding regarding prior convictions from the rule that only a jury may constitutionally find facts which increase a defendant's maximum sentence.

Moreover, since *Blakely* and *Apprendi* were decided, we have concluded that a defendant's status as a parolee is a fact linked to the fact of a prior conviction, thus qualifying parole status under the prior-conviction exception explained above. *See United States v. Corchado*, 427 F.3d 815, 820 (10th Cir. 2005) ("[T]he 'prior conviction' exception extends to 'subsidiary findings' such as whether a defendant was under court supervision when he or she committed a subsequent crime."). To the extent Mr. Butt argues that both the parole and prior-conviction exception may no longer be good law, a § 2254 habeas petitioner is not entitled to relief unless the state court decided his legal claim "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Because the Supreme Court has not determined that the parole and prior-conviction exception are no longer permissible constructions of federal law under *Blakely* and *Apprendi*, Mr. Butt is not entitled to relief on this point.

Our conclusion further requires that we reject Mr. Butt's argument that the

---

[3]Although the magistrate was correct in its suggestion that "pursuant to Colo. Rev. Stat. § 18-1.3-401(6), the trial court was . . . permitted to sentence Petitioner up to twice the authorized maximum term because his nine prior felonies were also held to be extraordinarily aggravating circumstances," it is clear from the record that the sentencing court did not take this approach.

sentencing court failed to advise him that he had a right to a jury determination of these facts. In addition, Mr. Butt does not cite any federal authority holding that *Blakely* and *Apprendi* require a sentencing court to advise a defendant that he may be subject to an enhanced sentence if the court makes certain findings of fact. Finally, to the extent Mr. Butt seeks a COA on the factual issue of whether sufficient evidence supported the sentencing court's finding that he committed nine felonies in the past, the sentencing court's finding is presumed correct, and Mr. Butt has not rebutted this presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

      2.     *Consecutive Sentences*

In his third claim, Mr. Butt argues that the sentencing court engaged in unconstitutional judicial fact-finding when it imposed consecutive sentences based on the fact that the crime involved multiple victims. *See* Colo. Rev. Stat. Ann. § 18-1-408(3).[4] The district court did not discuss this argument but accepted the recommendation of the magistrate, which had denied this claim on the merits because several circuit courts of appeals have held that imposing consecutive sentences based on judge-found facts does not implicate *Blakely* or *Apprendi* where the individual sentences do not exceed the statutory maximum. *See, e.g.*, *United States v. Andrews*, 339 F.3d 754, 758 (8th Cir. 2003); *United States v. Pressley*, 345 F.3d 1205, 1213 (11th Cir. 2003); *United States v.*

---

[4]That statute reads: "When two or more offenses are charged[,] . . . supported by identical evidence, . . . . [and] more than one guilty verdict is returned . . . the sentences imposed shall run concurrently; except that, where multiple victims are involved, the court may, within its discretion, impose consecutive sentences." Colo. Rev. Stat. Ann. § 18-1-408(3).

*Noble*, 299 F.3d 907, 909–10 (7th Cir. 2002); *United States v. McWaine*, 290 F.3d 269, 276 (5th Cir. 2002). The Colorado Court of Appeals reached the same conclusion. Because that holding is not contrary to clearly established federal law, Mr. Butt is not entitled to relief on this issue.

## III. CONCLUSION

Mr. Butt's request for a COA is DENIED and this appeal is DISMISSED. We GRANT his request to proceed in forma pauperis on appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge