# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1847

_____

United States of America

*Appellee*

v.

Corey Louis Hines

*Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: July 5, 2013
Filed: July 11, 2013
[Unpublished]

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Corey Louis Hines appeals following the district court's[1] order dismissing without prejudice his motion to correct his sentence, purportedly pursuant to Federal

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

Rule of Criminal Procedure 52(b). Because Mr. Hines's motion was at least his second collateral attack on his sentence, and Mr. Hines did not obtain this court's authorization before filing the motion, it was the functional equivalent of an unauthorized successive section 2255 motion, and the district court properly dismissed it. See United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002) (prisoners may not bypass authorization requirement by purporting to invoke some other rule or procedure); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (absent prior authorization, district court lacks jurisdiction to entertain successive § 2255 motion and should dismiss it or transfer it to court of appeals).

We note that even if Mr. Hines's Rule 52(b) motion could be considered on its merits, Mr. Hines would not be entitled to relief on the claim he advances. Mr. Hines correctly asserts that the 71-month prison sentences imposed by the district court upon his convictions for conspiracy to commit Social Security fraud and for three counts of misuse of a Social Security number exceeded the 60-month statutory maximum for these offenses. See 18 U.S.C. § 371 and 42 U.S.C. § 408(a)(7)(B). It is evident, however, that the district court intended to impose a prison sentence at the top of Mr. Hines's advisory sentencing range for these convictions--which was 57 to 71 months--and the district court was authorized to do so, to achieve the total punishment of 71 months. See U.S.S.G. § 5G1.2(d) (if sentence imposed on count carrying highest statutory maximum is less than total punishment, then sentence imposed on other counts shall run consecutively, but only to extent necessary to produce combined sentence equal to total punishment). An illegal sentence alone does not establish the prejudice necessary for plain error relief. See United States v. Bossany, 678 F.3d 603, 606 (8th Cir. 2012); United States v. Diaz, 296 F.3d 680, 683-85 (8th Cir.) (en banc) (defendant's substantial rights not affected by sentences that exceed maximum authorized by jury findings if district court could have imposed legal sentences on challenged counts and used consecutive sentences to achieve same total punishment under U.S.S.G. § 5G1.2(d)), cert. denied, 537 U.S. 940 (2002).

Accordingly, we affirm the district court's dismissal.

_____