# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2418

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| William J.R. Embrey, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 12, 2001

Filed: May 22, 2001

_____

Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and DOTY,[1] District Judge.

_____

BEAM, Circuit Judge.

William J.R. Embrey appeals his conviction and sentence of 262 months for being a felon in possession of a firearm. He asserts the district court[2] erred when it overruled his motion to withdraw his guilty plea. We affirm.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

## I. BACKGROUND

Embrey had been convicted for bank robbery in 1967 and for bank robbery and kidnapping in 1980. In 1994, while Embrey was serving a sentence for kidnapping and bank robbery, a panel of this court granted his petition for a writ of habeas corpus, finding that the kidnapping sentence had been an error. See Embrey v. Hershberger, 106 F.3d 805 (8th Cir. 1997) (vacated). That opinion was later vacated by the court en banc. See Embrey v. Hershberger, 131 F.3d 739 (8th Cir. 1997) (en banc) (finding Embrey's habeas corpus action procedurally barred). In the interim, Embrey was mistakenly released from prison. He was later apprehended, although he was allowed to remain free on bond pending the outcome of his application for a writ of certiorari to the Supreme Court. On October 5, 1998, the Supreme Court denied certiorari. Embrey's bond was subsequently revoked and he was ordered re-arrested in December 1998. Later that month, Embrey was a passenger in a car stopped by highway patrol officers in Missouri. Weapons were found in the car. He was charged with being a felon in possession of a weapon in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). He moved to suppress the evidence found in the search of the vehicle. At the suppression hearing, the driver of the car, Luie White, testified that Embrey had planned to rob a bank and had expressed a willingness to shoot the officers. The district court found probable cause for the stop and overruled the motion to suppress. Embrey later entered into a plea agreement with the government and entered a plea of guilty.

At the plea hearing, Embrey first asserted that his counsel had a conflict of interest, but later assured the district court that he had "worked out" whatever problems he had with his counsel. The district court conducted the inquiry mandated by Rule 11 and accepted the plea. The district court found that the evidence established a factual basis for the plea and Embrey admitted the crime during the Rule 11 colloquy and in the plea agreement.

Embrey later moved to withdraw the plea. He asserted that the plea had not been knowing or voluntary because he had medical problems at the time and because

his attorney had a conflict of interest and had rendered ineffective assistance. After a hearing, the district court found that Embrey had presented no fair and just reason to withdraw the plea. The district court expressly discredited Embrey's testimony that the entry of the plea had not been voluntary. Embrey pleaded the Fifth Amendment in answer to the district court's questions regarding the representations Embrey had made under oath at the plea hearing. Embrey was sentenced to 262 months on the weapon charge, to be served concurrently with his remaining term on the bank robbery charge.

Embrey appeals the district court's order denying leave to withdraw the plea. He also contends that the felon-in-possession statute is unconstitutional.

## II.    DISCUSSION

A guilty plea is a solemn act not to be set aside lightly. United States v. Prior, 107 F.3d 654, 657 (8th Cir. 1997). A district court may permit a defendant to withdraw a guilty plea prior to sentencing on a showing of "any fair and just reason." Fed. R. Crim. P. 32(d). A defendant bears the burden of establishing such a justification. Prior, 107 F. 3d at 657. Although a defendant seeking to withdraw a plea before sentencing is given a more liberal consideration than someone seeking to withdraw a plea after sentencing, a defendant has no absolute right to withdraw a guilty plea before sentencing, and the decision to allow or deny the motion remains within the sound discretion of the trial court. Id. Factors to consider in determining whether to set aside a plea of guilty include whether the defendant has demonstrated a fair and just reason; whether the defendant has asserted his innocence; the length of time between the guilty plea and the motion to withdraw; and whether the government would be prejudiced. Id. We review the district court's denial of a motion to withdraw a plea for an abuse of discretion. Id.

We have reviewed the record and find no abuse of discretion by the district court. We agree with the district court that Embrey has not shown a fair and just reason for withdrawal of the plea. The medical evidence does not support Embrey's

claim that he was incompetent at the time he entered the plea and the district court expressly discounted Embrey's credibility on that issue. Regarding the alleged conflict of interest and ineffective assistance, Embrey stated under oath at the plea hearing that he had "worked out" problems with his attorney and was satisfied with his representation. Moreover, claims of ineffective assistance of counsel are not normally considered on direct appeal. United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997). The proper procedural mechanism for such a claim is a motion under 28 U.S.C. § 2255. United States v. Payton, 168 F.3d 1103, 1105 n.2 (8th Cir. 1999).[3] There is no support in the record for Embrey's contention that the district court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure. We agree with the district court's assessment that Embrey "truly tried to manipulate the system."

Embrey's assertion regarding the constitutionality of the felon-in-possession statute is foreclosed by United States v. Larry, 126 F.3d 1077, 1078 (8th Cir. 1997) (finding section 922(g) a valid exercise of Congress' power to regulate commerce) (per curiam).

## III. CONCLUSION

The judgment of the district court is affirmed.

---

[3]We note that Embrey purportedly waived his right to challenge the effectiveness of his counsel as part of his plea agreement. Regarding the validity of that waiver, see DeRoo v. United States, 223 F.3d 919, 924 (8th Cir. 2000) ("[a] defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel").

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.