# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1150

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri |
| Bobbie Lee Hermes, also known as | * | |
| Bobbie Lee Wheat, also known as | * | [UNPUBLISHED] |
| Bobbie Lee Collins, also known as | * | |
| Bobbie Lee Boyanton, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 26, 2001

Filed: January 15, 2002

_____

Before McMILLIAN, BRIGHT, and FAGG, Circuit Judges.

_____

PER CURIAM.

Bobbie Lee Hermes appeals the sentence imposed on her by the District Court for the Western District of Missouri[1] after she pleaded guilty to program fraud in violation of 18 U.S.C. §§ 666(a)(1)(A), 2. The district court sentenced Hermes to 24

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

months imprisonment and 3 years supervised release, and to pay $54,584.75 in restitution. Her counsel has moved to withdraw and filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). For reversal, counsel argues that the district court erred in imposing a five-level increase in Hermes's offense level under U.S.S.G. § 2F1.1(b)(1)(F). Hermes has filed a pro se supplemental brief raising claims of ineffective assistance of counsel, suggesting that she should have received an acceptance-of-responsibility reduction, and complaining that the district judge should have recused himself. For the reasons discussed below, we affirm the judgment of the district court.

Specifically, we conclude that the court did not commit clear error in determining that the amount of loss was between $40,000 and $70,000 based on the testimony of the chief financial officer of the defrauded company. <u>See</u> <u>United States v. Coon</u>, 187 F.3d 888, 899 (8th Cir. 1999) (clear error does not exist where determination is plausible in light of whole record), <u>cert. denied</u>, 529 U.S. 1017 (2000). The court also did not clearly err in denying an acceptance-of-responsibility reduction because Hermes consistently disputed the extent of her misconduct. <u>See</u> <u>United States v. Lim</u>, 235 F.3d 382, 385 (8th Cir. 2000) (standard of review); U.S.S.G. § 3E1.1, comment. (n.1(a)). Finally, Hermes waived any objection to having Judge Sachs preside, by representing in open court--after disclosure of the potential conflict--that she was not seeking a recusal, <u>see</u> 28 U.S.C. §§ 455(e), and her ineffective-assistance claims are not properly raised in this direct criminal appeal, <u>see</u> <u>United States v. Embrey</u>, 250 F.3d 1181, 1183-84 (8th Cir. 2001).

Accordingly, we affirm and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.