# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2948

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Cesar Torres, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: February 14, 2002

Filed: February 20, 2002

_____

Before BOWMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

After Cesar Torres pleaded guilty to conspiring to distribute in excess of 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846, the district court[1] sentenced him to 160 months imprisonment and 5 years supervised release. On appeal, counsel moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and filed a brief raising arguments that Mr. Torres received ineffective assistance of counsel; that statements Mr. Torres made to Drug

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

Enforcement Agency (DEA) agents should not have been used in determining drug quantity attributable to him at sentencing; that he was pressured by his attorney to sign the plea agreement; that he was under the impression the agreement provided for a maximum sentence of 10 years imprisonment and had been entered into under Federal Rule of Criminal Procedure 11(e)(1)(C); and that the government should have moved for a downward departure because of the assistance that Mr. Torres had provided.

These arguments fail: (1) Mr. Torres's ineffective-assistance claim is more appropriately presented in a 28 U.S.C. § 2255 proceeding, see United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995); (2) pursuant to a sentencing stipulation entered into at sentencing, Mr. Torres's statements to DEA agents were not used to compute drug quantity; (3) he gave assurances under oath at his plea hearing that he understood he could receive from 10 years to life imprisonment, that no one had threatened or forced him to enter a guilty plea, and that he had carefully reviewed the plea agreement (which did not purport to be an agreement made under Rule 11(e)(1)(C)), see United States v. Embrey, 250 F.3d 1181, 1183-84 (8th Cir. 2001); and (4) at the sentencing hearing, in exchange for the sentencing stipulation, he abandoned his earlier complaint that the government had not filed a substantial-assistance motion, cf. United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995) (defendant who voluntarily exposes himself to specific sentence may not challenge that punishment on appeal).

Finally, following our independent review, see Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.