# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1867WM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Robert James Brown, | * | Western District of Missouri. |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: June 24, 2002
Filed: July 16, 2002

_____

Before BOWMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Robert James Brown appeals from the district court's[1] imposition of sentence following revocation of supervised release. We affirm.

Brown began serving supervised release on September 21, 2001. On October 5, 2001, the probation office filed a petition alleging that Brown had stopped taking prescribed medication in contravention of the probation officer's instructions, and had indecently exposed himself to a mental health counselor, thereby violating supervised

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

release conditions requiring him to follow his probation officer's instructions, to participate successfully in mental health counseling, and not to commit another federal, state, or local crime. After considering the counselor's testimony at the revocation hearing, the district court found that Brown had violated his release conditions, revoked supervised release, and sentenced Brown to 14 months imprisonment and 3 years additional supervised release.

Brown's counsel argues on appeal that the district court clearly erred in finding a factual basis for revoking Brown's supervised release. In a pro se supplemental brief, Brown argues that the revocation was premised on fabricated statements, and that the probation officer wrongly required him to take medication as he was not under a doctor's order to do so. He also challenges the district judge's impartiality and counsel's effectiveness.

We conclude that the district court had ample evidence to find that Brown violated his supervised release based on the witness's testimony, and that Brown's challenge to her credibility is without merit. See United States v. Hernandez, 281 F.3d 746, 748 (8th Cir. 2002) (credibility determinations are virtually unreviewable on appeal). We also reject Brown's other arguments: the district judge's unfavorable ruling does not suffice to demonstrate bias, see United States v. Edwards, 159 F.3d 1117, 1131 (8th Cir. 1998), cert. denied, 528 U.S. 825 (1999), Brown's complaints concerning counsel's effectiveness should not be raised on direct appeal, see United States v. Embrey, 250 F.3d 1181, 1183-84 (8th Cir. 2001), and the requirement that Brown take prescribed medication did not play into the district court's decision to revoke supervised release.

The judgment of the district court is affirmed. We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.