# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2577

_____

United States of America,                    *
                                             *
            Appellee,                         *
                                             *       Appeal from the United States
      v.                                      *       District Court for the
                                             *       Western District of Missouri.
William J. R. Embrey,                         *          [UNPUBLISHED]
                                             *
            Appellant.                        *

_____

Submitted:   November 7, 2002

Filed:   November 19, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
      Judges.

_____

PER CURIAM.

Federal inmate William Embrey appeals following the district court's denial of Embrey's motion to reconsider the court's previous order denying his motion under Federal Rule of Criminal Procedure 41(e) for return of seized property. We reverse and remand for an evidentiary hearing.

After the Missouri Highway Patrol searched a vehicle in which Embrey was a passenger, Embrey was indicted for and later pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He was sentenced to 262

months imprisonment and 5 years supervised release, and this court affirmed on direct appeal. See United States v. Embrey, 250 F.3d 1181 (8th Cir. 2001).

Embrey later moved for return of property allegedly seized during the search. The court--after the government responded, but without holding an evidentiary hearing--denied Embrey's motion on the basis that the search had been lawful and Embrey had refused to admit the property was his. The court summarily denied Embrey's motion for reconsideration.

Embrey is not entitled under any circumstances to return of the firearms seized during the search. See United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000) (district court properly concluded without receiving evidence that convicted felon was not entitled to return of firearms), cert. denied, 531 U.S. 1201 (2001). With regard to the multiple items of other property that Embrey listed in the inventory attached to his Rule 41(e) motion, however, we conclude that the district court erred in holding that Embrey could not recover his property because the search had been found lawful: the plain language of Rule 41(e) provides that an individual may properly move for return of property if he was aggrieved by an unlawful search **or** by a deprivation of property. See Fed. R. Crim. P. 41(e).

Furthermore, the record is unclear as to where some of the property is being held, and whether the government continues to need the property. Among other things, a letter from the Missouri Highway Patrol indicates that the property seized as evidence was released to the Department of Alcohol, Tobacco, and Firearms, and that "some" of the evidence which was not seized as evidence was released to a third party. Because there are unresolved factual issues, and because Rule 41(e) generally requires the district court to conduct an evidentiary hearing, we conclude remand for an evidentiary hearing is warranted in this case. See Felici, 208 F.3d at 670-71 (reversing in part because court failed to provide evidentiary hearing on issue of status of property as contraband); United States v. Burton, 167 F.3d 410, 410-11 (8th

Cir. 1999) (reversing where district court improperly denied Rule 41(e) motion without receiving evidence to determine who had custody of subject property).[1] Determination of the question of ownership the property, although muddied by Embrey's reluctance to implicate himself by admitting to being the owner, should be taken up in the evidentiary hearing.

Accordingly, we reverse and remand for further proceedings consistent with this opinion. We also deny Embrey's motion to correct the record, but we grant his motion to hear the case on the briefs.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]Embrey also argues that the district court violated his double jeopardy rights when it sentenced him, and that the search was illegal. These issues are not properly before us in this Rule 41(e) proceeding and we do not address them.