# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 04-1452

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| United Security Savings Bank, | * | |
| | * | [PUBLISHED] |
| Appellant. | * | |
| | * | |
| Anthony Curtis Flowers, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: October 19, 2004
Filed: December 15, 2004 (corrected 5/10/05)

_____

Before MURPHY, HEANEY, and BEAM, Circuit Judges.

_____

PER CURIAM.

Anthony Curtis Flowers stole a total of $126,342 from nine banks in ten robberies between August 22, 2000, and May 22, 2001. The police recovered $37,849 from Flowers. United Security Savings Bank (United Security) appeals the

district court's[1] decision to return the funds seized pro rata to the victim banks. United Security contends that the district court erred in its restitution order and that it was entitled to full compensation of its losses before any funds were returned to the other banks. We affirm.

On August 22, 2000, Flowers robbed the First National Bank in Sioux City, Iowa of $15,210. Officers recovered a total of $2,304 from Flowers's sister-in-law the following day. On September 8, 2000, Flowers stole $5,782 from the Commercial Federal Bank in Omaha, Nebraska. On September 18, 2000, he robbed United Security of $12,415. On September 23, 2000, Flowers was arrested with $4,290 in his possession.

In May of 2001, following his escape from jail, Flowers robbed the Commercial Federal Bank of another $17,025; the Rock Island Arsenal Federal Credit Union of $20,874; United Security of an additional $10,050; Firstar Bank in Des Moines, Iowa, of $9,459; Firstar Bank in Eau Claire, Wisconsin, of $9,910; State Capital Credit Union in Madison, Wisconsin, of $11,984; and West Gate Bank, in Lincoln, Nebraska, of $13,633.

Police officers arrested Flowers on June 1, 2001 and recovered $31,255.66 at that time. One of the bills recovered was a marked bill from the West Gate Bank. Flowers pleaded guilty to one charge of bank robbery of United Security, use of a firearm during a crime of violence, and being a felon in possession of a firearm. On the basis of his guilty plea, Flowers was ordered to pay restitution of $15,210 to First National Bank and $22,640 to United Security. United Security also sued Flowers in the Iowa District Court for Linn County and on September 10, 2003, obtained a default judgment for $26,807.66, plus costs.

---

[1] The Honorable Linda S. Reade, United States District Judge for the Northern District of Iowa.

United Security motioned for possession of the $37,849[2] seized by the FBI on three grounds: first, the bank had a lien against the funds from the Iowa district court; second, the bank was entitled to restitution from Flowers; and third, the bank was entitled to the money under Federal Rule of Criminal Procedure 41(g).[3] The district court rejected all three arguments. It found that the $37,849 was stolen property to be returned to all the banks, and could not be subject to a lien or garnishment by a single bank. Further, it reasoned that because the banks could not show the specific source of the money seized, the money should be distributed pro rata to all of the banks that Flowers had robbed.

United Security first appeals the district court's restitution order under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, claiming that the court erred in not ordering Flowers to pay interest, and in ordering Flowers to pay restitution to First National Bank before paying United Security. We conclude that United Security does not have standing to challenge the district court's restitution order.

A party invoking the jurisdiction of the federal courts must meet the constitutional requirements of Article III and the prudential limitations crafted by the courts. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992). To meet the requirement of constitutional standing, the plaintiff must show that it has suffered an "injury in fact" that is: concrete and particularized and actual or imminent; fairly traceable to the challenged action of the defendant; and likely to be redressed by a favorable decision. Id. at 560-61.

---

[2] The police seized $2,304 on September 8, 2000, $4,290 when Flowers was arrested on September 23, 2000, and $31,255.66 when Flowers was arrested on June 1, 2001. The total seized was $37,849.66.

[3] Rule 41(g) permits a person to motion the court to return property seized by the police.

A criminal restitution order is penal, not compensatory. Kelly v. Robinson, 479 U.S. 36, 52-53 (1986). "The direct, distinct, and palpable injury in a criminal sentencing proceeding plainly falls only on the defendant who is being sentenced." United States v. Grundhoefer, 916 F.2d 788, 791 (2d Cir. 1990). Thus, a private citizen generally lacks standing "to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). A crime victim does not have standing to appeal a district court's restitution order. United States v. Mindel, 80 F.3d 394, 397-98 (9th Cir. 1996); United States v. Johnson, 983 F.2d 216, 217 (11th Cir. 1993); but see United States v. Perry, 360 F.3d 519, 530-33 (6th Cir. 2004) (holding that a crime victim had standing to challenge the district court's release of a judgment lien obtained against the defendant).

United Security has not shown that it suffered any injury as a result of the district court's restitution order. In fact, the bank has already secured a civil judgment for its losses, which is unaltered by the restitution order. We conclude that United Security does not have standing to challenge the district court's restitution order.

Moreover, we would affirm the district court even if United Security could challenge the restitution order. We review challenges to restitution orders for clear error, United States v. Moyer, 313 F.3d 1082, 1087 (8th Cir. 2002), and none appears here. The court ordered Flowers to pay restitution to United Security in the amount of $22,465, the total sum taken by Flowers in his two robberies of the bank. The court also ordered Flowers to pay restitution of $15,210 to First National Bank, pursuant to his plea agreement. While restitution is mandatory under the MVRA, the court retains substantial discretion to craft the restitution order. United States v. McGlothlin, 249 F.3d 783, 784 (8th Cir. 2001). We find that the court did not err in determining United Security's losses, and did not abuse its discretion by giving First National Bank first priority in the restitution order.

-4-

United Security also argues that it should have received substantially all of the funds seized from Flowers because it had obtained a valid judgment lien from an Iowa state court, and thus had a right to the funds under Rule 41(g) of the Federal Rules of Criminal Procedure. We review the district court's denial of the Rule 41(g) motion for clear error with regard to its factual findings and de novo with regard to its legal findings. Accord United States v. Vanhorn, 296 F.3d 713, 719 (8th Cir. 2002).

This argument is rooted in the claim that Flowers owned the funds seized by the FBI. Flowers, however, has not claimed ownership of the money. On the contrary; several of the seized bills were "bait bills" traced to the banks Flowers robbed; the funds were recovered nine days after Flowers last robbery; and there is no evidence that Flowers obtained the money through any legal means. Any presumption that the seized property is owned by Flowers is overcome in this case by evidence that the property was stolen. Vanhorn, 296 F.3d at 719. The district court did not err in finding that Flowers did not have an interest in the funds seized by the FBI. Therefore, United Security may not claim the funds to satisfy the Iowa judgment or Flowers's restitution obligations under § 3663A.

Having determined that the funds did not belong to Flowers, the district court considered who the rightful owners of the property might be. The district court found that the bills seized could not be returned to the specific banks from which they were taken. While some of the recovered bills were marked by specific banks, the vast majority were not. United Security itself concedes that there is no way of tracing individual bills back to specific banks. Moreover, United Security did not claim that the bills seized were actually taken from its facility. Presented with this evidence, the district court ordered the funds distributed pro rata to the banks that had been robbed

at the time the funds were seized.[4] United Security Savings Bank did not show that its claim to the funds was superior to that of the other banks. We thus affirm the district court.

_____

[4] The court distributed the $2,304 seized on August 23, 2000, to First National Bank because no other bank had been robbed at that time. The $4,290 seized on September 23, 2000 was distributed to First National Bank, Commercial Federal Bank, and United Security, because they had each been robbed by September 23, 2000. The $31,255.66 seized on June 1, 2001 was distributed to the seven banks robbed in May of 2001.