# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3541

———————

United States of America,     *
                            *

        Plaintiff-Appellee,     *

                            *    Appeal from the United States

    v.                       *    District Court for the

                            *    District of Minnesota.

Robert Lee Bailey,        *

                            *    [UNPUBLISHED]

        Defendant-Appellant.     *

———————

Submitted: June 23, 2005
Filed: August 2, 2005

———————

Before RILEY, BRIGHT, and JOHN R. GIBSON, Circuit Judges.

———————

BRIGHT, Circuit Judge.

Robert Bailey appeals from his conviction, following a jury trial, and sentence on two counts of interstate transportation of a person to engage in prostitution and one count of possessing a firearm while a felon. We affirm Bailey's conviction but remand for resentencing.

Bailey challenges his conviction on four grounds, and his sentence on three grounds. We consider his arguments briefly in turn, stating the facts as we go along.

**The Conviction**

**1.**

Bailey argues that he is entitled to a new trial because the government presented irrelevant evidence that Bailey had assaulted his girlfriend, whom he was pimping.

The girlfriend had testified to a grand jury that Bailey had assaulted her in connection with their pimp/prostitute relationship. The government briefly referred to the anticipated evidence of this in opening statements at trial. When the girlfriend testified, however, she did not say that the assault had anything to do with prostitution. She said, rather, that Bailey assaulted her because she had taken some of his money. Bailey also agreed to certain testimony from a police officer, relating statements the girlfriend had made to the officer about the assault. The officer gave the agreed upon testimony.

Bailey did not object to the evidence and remarks concerning the assault, so we review the issue only for plain error. United States v. Olano, 507 U.S. 725, 731 (1993). To preserve on plain-error review, Bailey must show not only that there was error that was plain, but that it prejudiced him. See id. at 732. The evidence concerning the assault was brief and sterile. Moreover, it related principally to a count on which the jury acquitted Bailey. We determine, therefore, that Bailey has not shown plain error on this issue.

**2.**

Bailey argues that he is entitled to a new trial because the government presented irrelevant evidence that Bailey was connected with drug crimes – with which he was not charged.

Bailey did not object to the presentation of evidence related to drug crimes, so we review this issue for plain error. We need not recite the details of the evidence and the underlying facts, which are presented in the briefs. We have carefully considered these details, and we determine that the evidence presented concerning drug crimes was relevant to trace the path of marked "buy money" that the police used in a sting operation to prove that Bailey was pimping the prostitutes. Evidence concerning the pimping and prostitution became entwined with evidence of the drug crimes because after the prostitution buy money went into Bailey's hands, he spent it on drugs, paying it to a dealer in a transaction at Bailey's house. The dealer was present when police arrived to search the house and threw the money away when the police arrived.

The district court did not err in admitting the evidence Bailey challenges.[1]

**3.**

Bailey argues that he is entitled to a new trial because some of the evidence used against him was obtained in a search made under an invalid search warrant. Additionally, Bailey argues that the search – made under a warrant obtained pursuant to Minnesota state law – is invalid because of certain technical violations of the state requirements.

Bailey did not raise this issue before trial, as required by Federal Rule 12(e) of Criminal Procedure. This Circuit has not decided whether such an issue is reviewable

---

[1]Had Bailey asked the district court to control the presentation of this evidence so as to give the government what it was entitled to, while preventing or minimizing any prejudice to Bailey from the evidence of drug use, it would have been appropriate for the court to do so. But it appears that Bailey did not raise the issue and make the request.

on appeal. We do not decide the issue here, because there is no need to do so. Bailey's argument – reviewable for plain error if reviewable at all – fails in any event.

Bailey argues that the search warrant was obtained on the basis of a false affidavit by a police officer. Bailey asserts that the officer made false statements and omitted a material fact. Having made that general assertion, however, Bailey fails to identify any false statement made by the officer or any omission that would invalidate the warrant.

The officer's affidavit recounted statements made by two witnesses – the prostitutes Bailey pimped – and the basis for assessing the reliability of those statements.[2] In this appeal, Bailey alleges not that the officer's statements (recounting witness assertions) were false, but rather that the assertions by one of the witnesses were false. Bailey does not dispute that the officer's affidavit truthfully conveyed the witness assertions to the magistrate judge, along with information from which the magistrate judge could assess the reliability of the assertions. In short, Bailey does not identify any statement by the officer that is alleged to be false.

Bailey states that the officer's affidavit omitted a crucial fact concerning one of the two witnesses whose assertions the affidavit related. The omitted fact was that one of the witnesses was wanted on a fugitive warrant and that the officer let her go. Bailey argues that this fact would have undermined any probable cause arising from this witness' statements. Bailey does not explain why it would have done so, and we determine it would not have. The officer truthfully identified the witnesses as

---

[2]The affidavit does contain discrete sentences not prefaced with such phrases as "the witness said that . . ." or "according to the witness . . . ." Nonetheless, it is clear beyond dispute that such sentences were repeating what the witnesses said, and that the sole source of the statements were the witnesses. The officer did not present himself as a witness to the underlying facts, but only as a witness to the statements given by the prostitutes.

confessed prostitutes. The officer did not burnish the character of the witnesses in a fraudulent attempt to enhance their apparent reliability, and we determine that the omitted fact concerning the fugitive warrant would not have undermined the reliability of the witness' assertions. Nor – on the facts alleged by Bailey – would the fact that the officer did not arrest the witness on the fugitive warrant undermine the reliability of her assertions.[3]

Bailey has not alleged facts that would invalidate the search warrant because of a defective affidavit.

Bailey's argument concerning violations of technical requirements of the Minnesota statutes concerning search warrants also fails. Bailey asserts that the officers did not observe requirements concerning the inventorying of property and filing of records. Bailey notes that the state law requirements are similar to the requirements of Federal Rule 41 of Criminal Procedure. Bailey correctly observes that such requirements are important safeguards for ensuring the integrity of searches.

Nonetheless, if this issue is reviewable at all, notwithstanding Bailey's failure to raise it timely under Rule 12, it is reviewable only for plain error. Bailey has not shown that it was error to admit the evidence obtained in the search despite the procedural irregularities following the search. Nor has Bailey shown that any such error is plain.

Bailey's arguments concerning the search fail.

---

[3]Bailey does not allege, for instance, that the officer used the possibility of arresting the witness on the fugitive warrant to bribe or coerce her into making statements.

**4.**

Bailey argues that he is entitled to a new trial because of certain statements he made to the police, statements he says the police provoked him to make, in violation of Miranda v. Arizona, 384 U.S. 436 (1966).

The police may not speak or act in a manner that would be reasonably likely to elicit incriminating responses from a person in custody who has not waived his Fifth Amendment rights. Rhode Island v. Innis, 446 U.S. 291, 300-301 (1980).

In the first instance, after having informed Bailey that he was being arrested for promoting prostitution, the officers discovered a gun they believed to be Bailey's. An officer then told Bailey he was also under arrest for illegally possessing a gun. Bailey responded by admitting the gun was his. Bailey's voluntary confession was not a reasonably likely response, and the district court did not err by admitting it.

In the second instance, a federal officer arranged to take Bailey's fingerprints for federal records (which the Minnesota officers had previously done for state records). Upon entering a room Bailey was in, the federal officer informed Bailey that the officer was there for the sole purpose of taking fingerprints and so would not re-inform Bailey of his Miranda rights. Bailey responded by confessing that his fingerprints might be on the gun recovered at his house. Bailey's voluntary confession was not a reasonably likely response, and the district court did not err by admitting it.

**The Sentence**

At sentencing, prior to the Supreme Court's decision in United States v. Booker, 543 U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Bailey challenged the constitutionality of the federal sentencing guidelines, which were mandatory. The

district court did not resolve the constitutional issue, and it is uncertain whether the court treated the guidelines as mandatory or advisory. In this situation, Bailey is entitled to resentencing. See United States v. Adams, 401 F.3d 886, 900 (8th Cir. 2005).

Bailey raises other sentencing issues. In light of our remand, we pass over these issues, except to comment on the court's application of USSG § 5G1.2(d), a provision that addresses when sentences on multiple convictions should run concurrently and when consecutively. This section is difficult to parse, but its meaning is that if, for whatever reason, the total term of incarceration *required* under the guidelines and statutes is longer than the term for any single count – for instance, the total punishment under the guidelines and statutes exceeds the statutory maximum for any one count – then the sentences should be run consecutively to the extent necessary to get to that preordained total term of incarceration. See, e.g., United States v. Harrison, 340 F.3d 497, 500-01 (8th Cir. 2003); United States v. Diaz, 296 F.3d 680, 684 (8th Cir. 2002) (en banc). Otherwise, the sentences should be run concurrently. Section 5G1.2(d) is not a device for allowing discretionary increases to the effective term of imprisonment, beyond what the guidelines and statutes otherwise require. By using this section to increase Bailey's term of imprisonment beyond what was otherwise required, the district court misinterpreted and misapplied that section of the guidelines.

**Conclusion**

We affirm Bailey's conviction and remand the case for resentencing.

_____