# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1330

_____

United States of America,               *
                                        *

        Appellee,          *   Appeal from the United States
                                        *   District Court for the Southern

   v.                      *   District of Iowa.
                                        *

Polo Rico Guerra,          *       [UNPUBLISHED]
                                        *

        Appellant.       *

_____

Submitted: September 13, 2005
Filed: September 30, 2005

_____

Before RILEY, FAGG, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After Polo Rico Guerra pleaded guilty to conspiracy to distribute methamphetamine, Guerra moved to vacate his guilty plea. The district court[*] denied the motion and sentenced Guerra to twenty years in prison. We affirmed, holding Guerra's plea was knowing and voluntary, and Guerra had not shown his plea counsel's performance constituted ineffective assistance of counsel. United States v. Guerra, 44 Fed. Appx. 56, No. 02-1592 (8th Cir. Aug. 27, 2002). Guerra then filed a pro se 28 U.S.C. § 2255 motion asserting his attorney was ineffective on appeal and

_____

[*]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

at the plea proceedings, and his due process rights were violated when he was not allowed to withdraw his plea. The district court appointed counsel, who filed a supplemental motion and moved to amend the motion to bring a claim under Blakely v. Washington, 124 S. Ct. 2531 (2004). The district court held the supplemental motion was untimely, and even if it were timely, the ineffective assistance claims lacked merit. The district court denied relief and granted a certificate of appealability.

Guerra appeals asserting his supplemental motion was timely. The Government concedes this issue on appeal. We need not reverse, however, because we agree with the district court that Guerra's ineffective assistance claims fail on the merits. To prove ineffective assistance of counsel, Guerra must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. Anderson v. United States, 393 F.3d 749, 753 (8th Cir. 2005). To prove prejudice, Guerra must establish "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Id. at 753-54 (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)).

Guerra contends his appellate attorney was ineffective in two ways. First, Guerra argues his appellate attorney should have alleged his trial attorney inadequately explained substantial assistance. Guerra has failed to show a reasonable probability he would have declined the plea agreement if his attorney had done so, however. Guerra's trial attorney had negotiated a plea agreement that set the maximum sentence at the mandatory minimum sentence of twenty years, and that permitted reduction below twenty years if Guerra provided substantial assistance to the government. During the plea proceeding, Guerra's attorney told him there was a high likelihood he would receive a sentence in the range of twelve to thirteen years. Nevertheless, Guerra was repeatedly advised the plea agreement included an agreement to a twenty-year term of imprisonment, and he indicated he understood that if he was convicted, the court "would have no discretion or no ability to give [him]

a sentence less than 20 years in prison." The record also shows the court emphasized to Guerra that the court could only depart from the 20-year sentence if the prosecutor filed a motion stating Guerra had provided substantial assistance. The court explained that if Guerra told "the government things that showed others' involvement, then [the court] would have the ability . . . to go below the sentence of 20 years in prison." The court made clear that the prosecutor, not the court, had all the power to make Guerra's sentence less than 20 years. Given this record, Guerra could not have shown on appeal that he would have gone to trial if his attorney had told him more about substantial assistance law.

Guerra also contends his appellate attorney should have alleged his trial attorney had an actual conflict of interest because the attorney "essentially testified against him" at the hearing on Guerra's motion for change of counsel. We disagree with this characterization of the attorney's testimony. Guerra's plea counsel simply made a professional statement describing the state of his professional relationship with Guerra and the grounds for disagreements between them. Counsel did not offer an opinion that Guerra was guilty or divulge any confidences. Instead, as the district court said, "[c]ounsel was clearly only stating what the government's evidence was and why, based on that evidence, it would be reasonable to enter a plea agreement." This finding is not clearly erroneous. See Anderson, 393 F.3d at 753. In sum, Guerra was not prejudiced by his appellate counsel's failure to raise these two additional ineffective assistance arguments because it is unlikely they would have changed the result of his appeal.

Last, Guerra argues that Blakely and United States v. Booker, 125 S. Ct. 738 (2005), should apply to him. Like all other circuits that have considered the issue, we have held "the 'new rule' announced in Booker does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Never Misses a Shot v. United States, 413 F.3d 781, ___ (8th Cir. 2005).

-3-

We thus affirm the denial of Guerra's motion.

_____