# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1919
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Derrick John Hushman, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: September 15, 2005
Filed: November 17, 2005

_____

Before MURPHY, BRIGHT, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Derrick John Hushman appeals the district court's judgment[1] of March 16, 2005 sentencing him to 102 months' imprisonment for conspiracy to distribute and possession with the intent to distribute in excess of fifty grams of cocaine base. Hushman appeals his conviction and sentence contending the district court abused its discretion by not allowing him to withdraw his plea of guilty, that he should have received a downward departure as a matter of discretion because of his minimal or

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

minor participation in the conspiracy, and that the district court abused its discretion by imposing a sentence that did not reflect the need to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." We affirm.

Hushman argues that he presented a "fair and just" reason to withdraw his guilty plea under Fed. R. Crim. P. 11(d)(2)(B): "A defendant may withdraw a plea of guilty . . . (2) after the court accepts the plea, but before it imposes sentence if: . . . (B) the defendant can show a fair and just reason for requesting the withdrawal." Hushman paid the attorney fees for his girlfriend Tammy Sherrell Cardriche, a co-conspirator in this case; her attorney then referred him to a friend who he retained as his counsel; Cardriche then assisted the government in prosecuting him. After obtaining new counsel, Hushman argued that the referral from Cardriche's counsel created a conflict of interest for his first counsel and the district court should allow him to withdraw his guilty plea.

At the Rule 11 hearing, Hushman gave an unqualified waiver of his right to withdraw his guilty plea under Rule 11(d), agreeing that "if you plead guilty today, you cannot withdraw your guilty plea . . . . You may be able to appeal the sentence under some circumstances, but at the end of today's hearing, if I accept the plea, then you can't withdraw your plea." See United States v. Stricklin, 342 F.3d 849, 850 (8th Cir. 2003) (affirming conviction based on waiver of Rule 11 right to withdraw guilty plea).

Even if Hushman had not waived his right to withdraw his guilty plea, he did not meet his burden of establishing a fair and just reason to withdraw. See United States v. Embrey, 250 F.3d 1181, 1183 (8th Cir. 2001) ("A defendant bears the burden of establishing" a "fair and just reason."). Hushman's first counsel had no apparent conflict of interest and Hushman has provided no basis to claim a conflict existed.

The district court correctly decided that Hushman agreed in paragraph eight of his plea agreement that he did not qualify for a downward departure as a minimal or minor participant in the conspiracy. Further, Hushman admitted at his Rule 11 hearing that he sold the crack cocaine with Cardriche.

In paragraph eighteen of his plea agreement, Hushman waived his right to appeal his sentence unless sentenced "above level 29," which did not occur, and with the understanding that the district court would sentence him "in conformity with the United States Sentencing Guidelines." Thus, Hushman waived his right to appeal any discretionary sentencing decisions, including whether sentencing him to 102 months' imprisonment while sentencing Cardriche to 78 months' imprisonment created an unwarranted sentencing disparity. The government explained that the disparity results from Cardriche providing assistance to the government in prosecuting Hushman.

Finally, at his Rule 11 hearing, the district court assured that Hushman understood the plea agreement and the rights he was giving up and did so voluntarily. Hushman understood he could not withdraw his plea. He understood the mandatory minimum and maximum terms of imprisonment. He understood the guidelines. He had no questions about the plea agreement. He was satisfied with his first attorney's services. He understood his constitutional rights. And the district court assured itself of Hushman's ability to understand the proceedings and agreements and that he was not coerced.

Accordingly, the judgment is affirmed.

_____