# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4322

_____

United States of America,     *
               *
     Plaintiff-Appellee,  *
               * Appeal from the United States
   v.           * District Court for the
               * District of Minnesota.
Robert Lee Bailey,      *
               * [UNPUBLISHED]
     Defendant-Appellant. *

_____

Submitted: September 26, 2006
Filed: November 22, 2006

_____

Before WOLLMAN, BRIGHT, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

  A jury convicted Robert Bailey of transporting two women with the intent that they engage in prostitution, 18 U.S.C. § 2421, and possessing a firearm as a felon, 18 U.S.C. §§ 922(g)(1), 924(a)(2), and the district court[1] sentenced him to an aggregate term of 140 months' imprisonment. We affirmed his conviction but ordered a remand pursuant to United States v. Booker, 543 U.S. 220 (2005), because the district court sentenced him under a mandatory guidelines regime and wrongly calculated his guidelines range. See United States v. Bailey, 142 F. App'x 947 (8th Cir. 2005). The

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

district court on remand reimposed Bailey's 140-month sentence and he appeals. We affirm.

Bailey, a convicted felon, transported two women to Iowa in 2002 with the intent that they engage in prostitution. Following his arrest, police discovered a firearm under the seat of a car parked in his garage, and he was charged with transporting the women and possessing the firearm as a felon. In his first appeal, Bailey challenged his convictions and sentence. We affirmed the convictions but found that Booker entitled him to a full remand for resentencing. Bailey, 142 F. App'x at 951.

On remand the district court recalculated Bailey's guidelines range. The court placed him in criminal history category VI. The two § 2421 counts both carried a base offense level of 14, which the court did not adjust. The § 924(a) count carried a base offense level of 24 and the court added four levels under U.S.S.G. § 2K2.1(b)(5) because Bailey possessed the firearm in connection with the commission of another felony offense. The court applied the § 2K2.1(b)(5) adjustment despite declining to do so when it first sentenced Bailey. Based on his total offense level of 28 and corresponding guidelines range of 140 to 175 months, the court resentenced Bailey to 140 months' imprisonment, the same sentence it imposed prior to remand. Because § 924(a)(1) and § 2421 both carry a statutory maximum sentence of ten years' imprisonment, the court sentenced Bailey to a term of 120 months on the first § 2421 count and the § 924(a) count, and to an additional consecutive term of twenty months on the second § 2421 count.

We begin with Bailey's argument, which he raises for the first time in this successive appeal, that he could not have been convicted on two separate § 2421 counts because he transported both women to Iowa at the same time. We review his

claim for plain error.[2]  Bell v. United States, 349 U.S. 81, 82-83 (1955), holds that "the simultaneous transportation of more than one woman in violation of the Mann Act[,]" 18 U.S.C. § 2421, is a single unit of prosecution giving rise to one violation under the Act.  Under Bell, charging Bailey separately for the simultaneous transportation of two women was both error and "plain under current law," satisfying the first two prongs of plain error analysis.  United States v. Jackson, 155 F.3d 942, 947 (8th Cir. 1998).  We must, however, inquire under the third prong whether "the error was prejudicial and affected the trial outcome."  Id.  Here, Bailey argues that he would not have received the twenty-month consecutive sentence for the second § 2421 count, or the additional $100 special assessment accompanying the sentence, if not for the multiplicitous counts.

The special assessment, though an additional punishment, "is not a serious enough error to be described as a miscarriage of justice and thus constitute plain error."  United States v. McCarter, 406 F.3d 460, 464 (7th Cir. 2005); see also Jackson, 155 F.3d at 947-48 (implicitly limiting plain error analysis to the duration of the sentence imposed).  Thus, the only question for us is whether Bailey's term of imprisonment would have been the same without the additional § 2421 count.

The government argues that, under a discretionary sentencing regime, the district court could impose a 140-month sentence for a single § 2421 count and the § 924(a) gun count.  But, the starting point for sentencing, even after Booker, is the proper calculation of a guidelines range.  See, e.g., United States v. Morris, 458 F.3d

---

[2] The government suggests that Bailey has waived the argument either because he did not raise it before trial, see Fed. R. Crim. P. 12(b)(3), (e); United States v. Shephard, 4 F.3d 647, 650 (8th Cir. 1993) ("complaint about the multiplicity of an indictment and its inherent double-jeopardy problems [must] be raised before trial"), or in his first appeal.  Bailey's potential waiver notwithstanding, we may review his multiplicity claim for plain error.  See United States v. Jackson, 155 F.3d 942, 947 (8th Cir. 1998).

757, 760 (8th Cir. 2006). Nevertheless, the second § 2421 count did not impact Bailey's guidelines range. The range was premised on his § 924(a) conviction, which carried a base offense level of 24 and an additional four-point adjustment under § 2K2.1(b)(5). And, even though § 924's maximum sentence is ten years, the court could have sentenced Bailey to an additional consecutive term of twenty months on one § 2421 count, reaching the aggregate sentence of 140 months. See U.S.S.G. § 5G1.2(d). Accordingly Bailey cannot show plain error.

Next Bailey presents several arguments regarding the court's application of § 2K1.2(b)(5) and the 18 U.S.C. § 3553(a) factors. He argues that the application of § 2K1.2(b)(5) was vindictive, without support in the record, and not premised on adequate factual findings. He also argues that the court failed to address the § 3553(a) factors. Our review of the district court's application of the guidelines is plenary, while our review of its findings of fact is for clear error. See United States v. Mickle, 464 F.3d 804, 807 (8th Cir. 2006). Our review of his sentence is for "unreasonableness with regard to 18 U.S.C. § 3553(a)." United States v. Mentzos, 462 F.3d 830, 840 (8th Cir. 2006) (quotation marks and citation omitted).

Bailey's claim that the application of § 2K1.2(b)(5) was vindictive, see North Carolina v. Pearce, 395 U.S. 711, 726 (1969), overruled in part by, Alabama v. Smith, 490 U.S. 794 (1989) (discussing presumption of vindictiveness based on increased sentence), lacks foundation because he received the same sentence on remand. See United States v. Arrington, 255 F.3d 637, 639 (8th Cir. 2001) ("Since a more severe sentence was not imposed, Arrington cannot make out a claim of vindictiveness."). The district court, moreover, correctly applied the § 2K1.2(b)(5) adjustment. A sentencing judge, who presides over a defendant's trial, "may rely on evidence submitted at trial to support the sentence imposed." United States v. Burns, 276 F.3d 439, 443 (8th Cir. 2002).

Here, the government alleged that Bailey possessed the gun in connection with the promotion of prostitution, and the possession and distribution of a controlled substance. Trial testimony included accounts of Bailey's possession of the gun, prostitution business, and possession and distribution of cocaine. These activities, according to witnesses, occurred at his residence, where officers located the gun in a vehicle parked in his garage. The record, therefore, supports the court's application of § 2K2.1(b)(5). The court also considered characteristics of Bailey and his crimes before reaching its determination that 140 months was an appropriate sentence, fulfilling its obligation under § 3553(a). See United States v. Shepard, 462 F.3d 847, 875-76 (8th Cir. 2006). Bailey fails to demonstrate either that the court misapplied the guidelines or reached an unreasonable sentence.

Finally, Bailey challenges the district court's denial of his Federal Rule of Criminal Procedure 41(g) motion for return of his property. The court denied the motion without a hearing because the motion lacked specificity and because this appeal was pending. Bailey asserts that a hearing was required and, at a minimum, his request for the return of $2,500 in currency presented a specific basis on which to grant relief.

We review the district court's factual findings regarding the denial of a Rule 41(g) for clear error and its legal findings de novo. See United States v. United Sec. Sav. Bank, 394 F.3d 564, 567 (8th Cir. 2004). A district court must hold a hearing on a defendant's Rule 41(g) motion if there is a dispute "regarding who has custody or is entitled to possession of the subject property," but the Rule does not require a hearing on every motion. United States v. Timley, 443 F.3d 615, 625 (8th Cir. 2006). In this case we agree that return of Bailey's property, which was evidence of his crime, during the pendency of this appeal would have been premature. The district court did not err, therefore, by denying his motion without a hearing. This ruling, however, must be deemed as without prejudice to Bailey seeking return of his property at the conclusion of this appeal.

Accordingly, we affirm Bailey's 140-month sentence and the court's denial of his Rule 41(g) motion.

_____