# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2732/08-1993

_____

United States of America,    *
                             *
         Appellee,           *
                             *
    v.                       *
                             *
Gary Lee Smith,              *
                             *
         Appellant.          *
                             *

_____

No. 08-1994                  Appeal from the United States
_____                  District Court for the
                             Western District of Missouri.

Gary L. Smith,               *    [UNPUBLISHED]
                             *
         Appellant,          *
                             *
    v.                       *
                             *
United States of America,    *
                             *
         Appellee.           *

_____

Submitted: November 21, 2008
Filed:  May 4, 2009

_____

Before COLLOTON, HANSEN and BENTON, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals, federal inmate Gary Smith challenges orders of the district court. In No. 07-2732, he appeals the court's denial of his Federal Rule of Criminal Procedure 41(g) motion to return property; and he challenges the court's denial of his motion to recalculate restitution payments. In Nos. 08-1993 and 08-1994, he appeals the court's denial of his motions for a docket sheet and for dismissal of his indictment. Smith has also filed motions for leave to appeal in forma pauperis (IFP), for judicial notice of certain information, and for summary reversal. We grant IFP status, and deny the other motions.

After careful review, we conclude that the district court erred in denying the motion to return property, based on a prior determination that the underlying search and seizure were lawful, without giving the government an opportunity to respond and without holding an evidentiary hearing to determine Smith's entitlement to the property. *See* Fed. R. Crim. P. 41(g) ("court must receive evidence on any factual issue necessary to decide the motion"); *United States v. United Sec. Sav. Bank*, 394 F.3d 564, 567 (8th Cir. 2004) (per curiam) (standard of review). Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property *or by the deprivation of property* may move for the property's return" (emphasis added). Thus, the lawfulness of the search and seizure was not determinative of Smith's right to return of the property. *See United States v. Embrey*, 50 Fed. App. 804, 805 (8th Cir. 2002) (unpublished per curiam); *see also Thompson v. Covington*, 47 F.3d 974, 974-75 (8th Cir. 1995) (per curiam) (describing trial court's ancillary jurisdiction). We therefore vacate the denial of Smith's Rule 41(g) motion and remand to the district court for further proceedings.

Finding no reversible error in the district court's denial of the motions to recalculate restitution, to provide a free copy of the docket sheet, and to dismiss the indictment, we affirm those orders with one modification. Because we are remanding

for further proceedings on the Rule 41(g) motion, we vacate the portion of the district court's order prohibiting any future filings by Smith related to his criminal case, No. 3:02-cr-5019.

Accordingly, in No. 07-2732, we affirm as to the restitution-recalculation motion, and remand the Rule 41(g) motion for further proceedings. In Nos. 08-1993 and 08-1994, we affirm except as to the prohibition on future filings in Smith's criminal case.

_____