# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1805

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Nebraska. |
| Matthew H. Anselmo, | * |
| | * [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted:  August 4, 2010
Filed:  August 11, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Matthew Anselmo pleaded guilty to mail fraud, in violation of 18 U.S.C. §§ 1341 and 2.  The district court[1] sentenced him below the advisory Guidelines range to 48 months in prison and 3 years of supervised release, and ordered him to pay $3,712,500 in restitution.  On appeal, Anselmo's counsel has moved for leave to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the amount of restitution ordered.

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

Anselmo has filed a pro se supplemental brief asserting ineffective assistance of counsel.

First, we conclude that the district court did not clearly err in determining the amount of restitution. See United States v. United Sec. Sav. Bank, 394 F.3d 564, 566-67 (8th Cir. 2004) (per curiam) (review standard; restitution is mandatory under 18 U.S.C. § 3663A); see also 18 U.S.C. § 3663A(a)(1), (c)(1)(A)-(B) (when sentencing defendant convicted of any offense that is offense against property under this title--including any offense committed by fraud or deceit--in which identifiable victims have suffered pecuniary loss, court shall order that defendant make restitution to victims); Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (describing circumstances where finding is clearly erroneous). Second, we decline to consider Anselmo's ineffective-assistance claim on direct appeal. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (ineffective-assistance claim should be raised in 28 U.S.C. § 2255 motion). We also conclude that the district court did not impose an unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461, 464 (8th Cir. 2009) (en banc) (standards for reviewing reasonableness of sentence).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issue for appeal. Accordingly, we grant counsel's motion to withdraw and we affirm the judgment of the district court.

_____