# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————————

No. 10-3185

—————————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Harlan Dale Berndt, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

—————————

Submitted: March 29, 2011
Filed: April 4, 2011

—————————

Before MELLOY, GRUENDER, and BENTON, Circuit Judges.

—————————

PER CURIAM.

Harlan Dale Berndt pleaded guilty to making false statements in connection with a crop insurance program, in violation of 18 U.S.C. § 1014. Choosing to vary below the advisory Guidelines imprisonment range of 8-14 months, the district court[1] sentenced Berndt to 5 years of probation and ordered him to pay $48,445 in restitution. Berndt appeals. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), suggesting that the sentence was

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

unreasonable. Berndt has filed a pro se supplemental brief, essentially objecting to the amount of restitution and to counsel's representation.

We conclude that the district court took into account all the relevant sentencing factors, committed no procedural error, and imposed a substantively reasonable sentence. See Gall v. United States, 552 U.S. 38, 51 (2007) (in reviewing sentence, appellate court first ensures that district court committed no significant procedural error, and then considers substantive reasonableness of sentence under abuse-of-discretion standard); United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (describing abuse of discretion). We find no clear error in the district court's determination of restitution, United States v. United Sec. Sav. Bank, 394 F.3d 564, 567 (8th Cir. 2004) (per curiam) (standard of review); Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (describing clear-error standard); and we decline to consider any ineffective-assistance claim on direct appeal, see United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998) (ineffective-assistance claim should be raised in 28 U.S.C. § 2255 motion).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____